JOHN B. WHITE ET AL. v. EAST SAGINAW.

43 | 567
74 | 134
74 | 139

*Sheriff's bond—Default as tax-collector—Surety's liability.*

Duties not yet existing and not germane to an office are not within the contemplation of sureties on the official bond, nor properly covered by their obligation. To bind the sureties the duties must plainly belong to the office.

The collection of taxes by the sheriff is assumed to be a duty foreign to his position by Comp. L. § 1027, which provides for independent security for its performance.

A sheriff's duties relate to the execution of orders, judgments and process of courts; the preservation of the peace; the arrest and detention of persons charged with the commission of public offenses; the service of papers in actions etc.; they are connected with the administration of justice and not with the collection of the revenue.

Sureties on an official bond are discharged when the duties and obligations of the office are essentially changed by statute and their risk increased.

The imposition of new duties upon an officer does not change his office, but invests him with a new office.

Error to Saginaw. Submitted April 29. Decided June 9.

ASSUMPSIT on official bond. Defendants bring error.

*Benton Hanchett* and *Albert Trask* for plaintiffs in error. Sureties are not liable upon an official bond for default in the performance of duties that do not properly belong to the office and were imposed after the bond was given, *Pybus v. Gibb* 88 E. C. L. 902; *U. S. v. Kirkpatrick* 9 Wheat. 720; *People v. Moon* 3 Scam. 123; *Reynolds v. Hall* 1 Scam. 35; *Compher v. People* 12 Ill. 290; *Governor v. Ridgway* id. 14; *State v. Robards* 7 Rep. 594; Brandt on Suretyship §§ 469, 483.

*Timothy E. Tarsney* for defendant in error. Illegality of a tax is no defense to an action against the collector and the sureties on his bond, on refusing to pay over, *Sandwich v. Fish* 2 Gray 298; *Great Barrington v. Austin*

8 Gray 444; *Wendell v. Fleming* 8 Gray 613; *Cheshire v. Howland* 13 Gray 321; *Williamstown v. Willis* 15 Gray 427; *Johnson v. Goodridge* 15 Me. 29; *Kellar v. Savage* 20 Me. 199; *Orono v. Wedgewood* 44 Me. 49; *Trescott v. Moan* 50 Me. 347; *Fake v. Whipple* 39 Barb. 339; *Mason v. Sch. District* 34 Mich. 228; the money need not be demanded before suit, *Nelson v. Kerr* 59 N. Y. 224; *Dygert v. Crane* 1 Wend. 534; *Prairie v. Jenkins* 75 N. C. 546; Crocker Sheriffs § 856; the sheriff's official bond covers all the duties of his office as they may from time to time be regulated by law, *People v. Vilas* 36 N. Y. 469; *People v. Curry* 59 Ill. 35; *State v. Powell* 44 Mo. 436; *Mahaska County v. Ingalls* 14 Ia. 170; *Prairie v. Worth* 78 N. C. 169; *Cherry v. Wilson* id. 166; *State v. Kelley* 43 Tex. 667; *Bartlett v. Governor* 2 Bibb 586; *Colter v. Morgan* 12 B. Mon. 278; *Marney v. State* 13 Mo. 7; *People v. Tompkins* 74 Ill. 482; *Smith v. Peoria* 59 Ill. 412; *White v. Fox* 9 Shepley 341.

GRAVES, J.   The plaintiff in error White, being coroner of Saginaw county and there being no sheriff nor under-sheriff, was designated pursuant to law on the 29th of January, 1875, to perform the duties of sheriff, and within twenty days he qualified by taking the prescribed oath and giving the usual bond required by Comp. L. §§ 550, 551, the other plaintiffs in error being his sureties.

On the 3d of May thereafter, the act for taxing the business of manufacturing and selling spirituous and intoxicating liquors was approved and became a law, and in that year and the next there were large assessments in the city of East Saginaw, and in each the sheriff was called on to collect considerable amounts under warrants issued by the county treasurer agreeably to the act.   He proceeded and made extensive collections, but failing to pay over this suit was instituted on his bond before mentioned to realize the money for which he was delinquent.

The case was referred, and the referee found against the plaintiffs in error, and the court .overruled their exceptions and awarded judgment according to the finding.

The substantial question propounded is whether the duties apportioned to the sheriff by the act of May 3d were such as to fall within the scope of the official bond, which was executed several weeks before the act came into existence.   And the answer, as will be admitted, must turn on whether these new superadded duties were from their inherent quality fairly appurtenant to the office of sheriff.   Because the law will not intend that duties not yet existing and not germane to the office were within the contemplation of the sureties, or within the proper scope of their undertaking.   *Gaussen v. United States* 97 U. S. 584;   *Converse v. United States* 21 How. 463;   *Commonwealth v. Holmes* 25 Gratt. 771.   And it must be observed further that in proceeding to ascertain whether the new duties were or were not adventitious, they cannot be considered otherwise as against these sureties unless their affinity to the office is plain and obvious.   The rule is one of manifest justice.   *St. Louis v. Sickles* 52 Mo. 122;   *Mayor etc. of Rahway v. Crowell* 11 Vroom 207;   *Citizens' Loan Association of the City of Newark v. Nugent* id. 215;   *Amherst Bank v. Root* 2 Met. 536;   *Kitson v. Julian* 4 El. & Bl. 854:  30 E. L. & E. 326.

When an obligation of this kind is created, the parties, unless they express themselves very clearly to the contrary, must be understood as referring to the kind of duties which are fairly appropriate to the office as it then exists, distinct from others.   In case something beyond is meant to be provided for, the provision should be made so plain as to leave no reasonable ground for sureties to allege the failure to understand it.

Now it is a noteworthy circumstance that at the time of this bond there had been one, and only one authentic precedent in the State for the collection of taxes by the sheriff, and that the Legislature in enacting that provis-

ion, proceeded on the assumption that the duty was foreign to the proper business of the office and would not be protected by the usual official bond. They accordingly made express provision for independent security. Comp. L. § 1027. The existence of this regulation if sufficient to suggest that new duties of the same nature might possibly be added, was at the same time sufficient to shut out the idea that any claim would be made of their being covered by the common bond.

The case before us does not appear to call for extended discussion. Indeed, there is hardly room for it. The duties prescribed by the act of May 3d were not equivocal. Their character could not be mistaken. They were those of a tax collector, and as distinguishable from such as are properly incident to the office of sheriff as are the common functions of a township treasurer from those of a constable. As stated by Mr. Justice Field "the duties of sheriff, as such, relate to the execution of the orders, judgments, and process of the courts; the preservation of the peace; the arrest and detention of persons charged with the commission of a public offense; the service of papers in actions, and the like; they are more or less directly connected with the administration of justice; they have no relation to the collection of revenue." *People v. Edwards* 9 Cal. 286. There are late English decisions to the effect that in case the duties and obligations of the office are essentially changed by statute and the risk of the sureties increased thereby, they are discharged. Such are the cases of *Pybus v. Gibb* 6 E. L. & Bl. 902: 88 E. C. L. 902; 38 E. L. & E. 57; and *Oswald v. Mayor of Berwick* 5 H. L. Cas. 856: 26 E. L. & E. 85.

The principle of these decisions is not pertinent here, and there is hence no occasion to inquire into their soundness. As previously explained, the point in controversy on this record is whether the delinquency set up as breach of the bond was within the scope of the obligation, and the reasoning of the judges in *Skillett v.*

*Fletcher* comes nearer being applicable. There the imposition of the new duties was deemed not to alter the old office, but to invest the old officer with a new office. L. R. 2 C. P. 469. The default of White as collector of the taxes was not a breach of his regular official bond in his office of sheriff, and the judgment to the contrary is not supported by the finding.

The judgment must be reversed and one entered here for plaintiffs in error with the costs of both courts.

**The other Justices concurred.**