THE BOARD OF METROPOLITAN POLICE OF THE CITY OF
DETROIT v. THE BOARD OF AUDITORS OF WAYNE
COUNTY.

*Municipal     corporations—Pursuit     of     criimnals—Payment     of
expenses by county.*

Expenses incurred in the pursuit of a person charged with the
  commission of a criminal offense in the city of Detroit, by a
  member of the police force or any other officer or person
  authorized by the board of police to make such pursuit, are a
  proper charge against Wayne county, when presented by said
  board, and indorsed as allowed by its president and secretary.

*Mandamus.* Argued October 4, 1892.    Granted October
12, 1892.

Relator applies for *mandamus* to compel respondent to
audit and allow a certain account.    The facts are stated
in the opinion.

*Charles M. Swift* and *Edwin F. Conely,* for relator.

*Samuel    W.    Burroughs,*    Prosecuting    Attorney,    for
respondent.

PER CURIAM.    This is an application for a *mandamus*
to compel the payment of expenses incurred in the pursuit
of one charged with an offense committed in the city of
Detroit.

The act creating the board of metropolitan police provides
that—

" Whenever any crime shall be committed in said city,
and the person or persons accused or suspected of being
guilty shall flee from justice, the said board of police may,
at their discretion, authorize any person or persons to pur-
sue and arrest such accused or suspected person or persons,

and return them to the proper court having jurisdiction of the offense for trial." Section 8, Charter, p. 315.

The same section makes it the duty of the board—

"To audit and allow all bills for traveling expenses incurred in the pursuit of criminals by members of the force or any other officer or person, and to present the same to the board of county auditors of Wayne county for payment, in all cases where criminals are charged with offenses committed in said city; and the said board of auditors shall in no case allow or cause to be paid by said county any bill or account for the pursuit or apprehension of criminals charged with or suspected of the commission of crime in said city, unless the said bill or account is presented by said board of police, and indorsed as allowed by the president and secretary thereof."

The case is ruled by *People v. Board of Auditors,* 13 Mich. 233. Section 21[1] of the act must be construed with section 8, and expenses incurred in the pursuit of criminals must be regarded as excepted from section 21.

The *mandamus* will issue as prayed.

---

[1] Section 21 provides that "the necessary expenses incurred in the execution of criminal process for offenses charged to have been committed in the city of Detroit, and the maintenance of the police department hereby created within the said city of Detroit, shall be a city charge."