BOND v. COWAN.

1. COUNTIES—POWERS.
   Counties have delegated powers only.

2. SAME—IMPLIED POWERS—NEGOTIABLE BONDS.
   In view of the fact that where the legislature has deemed it desirable for counties to raise funds by an issue of bonds the power has been expressly granted and accompanied, in every instance, by safeguards and limitations, implied power to issue negotiable bonds is clearly not to be indulged.

3. SAME—BORROWING POWER.
   Borrowing power of counties, without amplification, signifies only an unfunded indebtedness and precludes bond issue constituting funded indebtedness.

4. SAME—BOARD OF AUDITORS FOR WAYNE COUNTY—ISSUANCE OF BONDS.
   Statute authorizing board of auditors for Wayne county to negotiate for and issue any bonds authorized by law *held*, to give them power to issue bonds authorized, not by them, but by law (1 Comp. Laws 1929, § 1233).

5. SAME—TAXATION—BORROWING POWER—ISSUANCE OF BONDS.
   The constitutional and statutory power of a county to levy a tax of one-tenth of a mill in any one year for construction or repair of public buildings or to borrow an equal sum for such purpose does not carry with it the implied power to issue negotiable, general obligation, serial coupon bonds, without submission of the question to the electors of the county (Const. 1908, art. 8, § 10; 1 Comp. Laws 1929, §§ 1126, 2347, 2353, Act No. 26, Pub. Acts 1931).

6. MUNICIPAL CORPORATIONS—BORROWING POWER.
   The power to raise money in any one year by spread of a tax or by borrowing, does not carry implied power to raise money by an issue of negotiable bonds extending over a period of years.

7. COSTS—PUBLIC QUESTION—COUNTY BONDS.
   No costs are allowed in case testing right of county to issue negotiable bonds for purpose of constructing a public building.

Appeal from Wayne; Driscoll (George O.), J., presiding.   Submitted May 31, 1935.   (Docket No. 125, Calendar No. 38,501.)   Decided June 14, 1935.

Bill by Robert D. Bond against John C. Cowan, Chairman of the Board of Wayne County Auditors, and others to enjoin the issuance of bonds of Wayne County.   Stranahan, Harris & Co., Inc., an Ohio corporation, intervened as party defendant.   Bill dismissed.   Plaintiff appeals.   Reversed and decree entered for plaintiff.

*Stuart W. Hill,* for plaintiff.

*Duncan C. McCrea,* Prosecuting Attorney, and *Sweetmen G. Smith,* Assistant Prosecuting Attorney, for defendants.

*Berry & Stevens* (*Claude H. Stevens,* of counsel), for intervening defendant.

WIEST, J.   This is a suit by a taxpayer to enjoin the issuance of negotiable, general obligation, serial coupon bonds of the county of Wayne, authorized by the board of supervisors for Wayne county, to raise funds to construct a warehouse at Eloise Hospital and Infirmary, a county institution.

Plaintiff contends that such bonds cannot issue without submission to and approval by a vote of the electors of the county, and prosecutes this appeal from a decision to the contrary.

Counsel for plaintiff concedes that Wayne county has the power to erect the proposed warehouse and to borrow money for such purpose to the extent of $214,000, without securing the approval of the electors, but contends that such power, in the absence of express constitutional authority or statu-

tory authorization, does not extend to the raising of the money by issuance of the proposed bonds without approval of the electors.

Defendants contend that the grant of power to borrow money for the mentioned purpose carries with it implied authorization to issue the bonds.

Counties have delegated powers only.

The Constitution of 1908, art. 8, § 10, under power of taxation and limitation thereof in counties, provides:

"The board of supervisors of any county may in any one year levy a tax of one-tenth of one mill on the assessed valuation of said county for the construction or repair of public buildings or bridges, or may borrow an equal sum for such purposes; and, in any county where the assessed valuation is less than ten million dollars, the board may levy a tax or borrow for such purposes to the amount of one thousand dollars; but no greater sum shall be raised for such purposes in any county in any one year, unless submitted to the electors of the county and approved by a majority of those voting thereon."

In instances where the legislature has deemed it desirable for counties to raise funds by an issue of bonds the power has been expressly granted and accompanied, in every instance, by safeguards and limitations. This is a clear indication that implied power is not to be indulged.

Our attention has not been directed to any statute authorizing issuance of the bonds.

Power of the county to levy a tax in any one year within a fixed limitation or to borrow an equal sum, and power to raise the same by flotation of an issue of negotiable bonds are unlike in purpose and consequences. The power to borrow in any one year correlates with the power to raise the same by taxa-

tion, and contemplates only a current obligation, payable in a short time, and clearly distinguished from raising money by sale of commercial bonds. Borrowing power, without amplification, signifies only an unfunded indebtedness and precludes bond issues constituting funded indebtedness. The distinction between power granted to borrow money and power to raise money by an issue of negotiable bonds was pointed out in *Merrill* v. *Monticello*, 138 U. S. 673 (11 Sup. Ct. 441):

"But there is a marked legal difference between the power to give a note to a lender for the amount of money borrowed, or to a creditor for the amount due, and the power to issue for sale, in open market, a bond, as a commercial security, with immunity, in the hands of a *bona fide* holder for value, from equitable defenses."

The court there rejected the following contention:

"The plaintiff in error contends that there is no legal or substantial difference between the two; that the issuing and disposal of bonds in market, though in common parlance, and sometimes in legislative enactment, called a sale, is not so in fact; and that the so-called purchaser who takes the bond and advances his money for it is actually a lender, as much so as a person who takes a bond payable to him in his own name."

Section 1126, 1 Comp. Laws 1929, is a substantial enactment of the quoted constitutional provision.

Act No. 26, Pub. Acts 1931, authorizes counties to borrow money and issue notes in anticipation of the collection of taxes.

Section 2347, 1 Comp. Laws 1929, authorizes counties to raise, by loan, or borrow money for permanent improvements and to issue bonds of the county

to secure the repayment thereof, but requires the resolution of the board of supervisors to contain a proviso that it shall not become effective or binding upon the county until it shall be approved by a majority of the electors voting at an election to be designated.

Section 2353, 1 Comp. Laws 1929, also substantially enacts the mentioned constitutional provision.

Counsel for defendants invoke implied authority to issue the bonds under the power to borrow and urge that 1 Comp. Laws 1929, §§ 1226–1234, should lead to a holding of authorization of the bond issue. These sections defined powers and duties of the board of auditors for Wayne county, and section 1233 provides:

"Said board shall have power, and they are hereby authorized: * * * To negotiate for and issue any bonds which may at any time be authorized by law to be issued or any loan made for county purposes."

This only empowers the board of auditors to negotiate for and issue bonds authorized, not by them, but by law, and to negotiate a loan made for county purposes.

The question in suit, therefore, goes back to whether the power of the board of supervisors, in any one year, to levy a tax of one-tenth of one mill on the assessed valuation of the county for construction or repair of public buildings, or borrow an equal sum for such purpose, carries implied power to raise a loan by an issue of negotiable, general obligation, serial coupon bonds of the county of Wayne, of the denomination of one thousand dollars each, bearing interest at a rate to be fixed by the buyer not exceeding a price which would make the net increase * rate of such bonds exceed four per

---

* [interest?]—REPORTER.

cent. per annum from the date of purchase, and with serial maturities to and including 1944.

Power to borrow money does not carry authority to issue negotiable bonds.

It is stated in 44 C. J. p. 1177:

"It has been both affirmed and denied that authority to issue bonds may be implied from power to borrow money."

The cases on the subject have been examined and we are of opinion that the better reason and the trend of modern decisions is that the power to borrow money in the instance at bar does not admit of implied power to raise the money by flotation of negotiable bonds, without submission of the question to the electors of the county.

We shall not undertake a review of the many decisions upon the question here involved.

Dillon on Municipal Corporations (5th Ed.), § 291, states:

"In some of the earlier decisions it was held that express power to a municipal corporation 'to borrow money' naturally, if not necessarily, includes the power to issue negotiable bonds or other securities to the lender for the moneys so borrowed. But this doctrine has, in recent years, received further consideration, and the tendency of the decisions is to hold that while express power to borrow money or to contract a loan may, it does not necessarily or under all circumstances, include the implied power to issue, as evidence of the loan, negotiable bonds or commercial securities conferring upon *bona fide* holders immunity from defenses.  *  *  *

"SEC. 874.  The modern tendency of decision is well exemplified in the decisions of the Supreme Court of the United States on the subject of the implied power to issue negotiable securities.  That

court is now committed to the view that the power *to borrow money or to contract a loan does not necessarily, at least, include the implied* power to issue, as evidence of such loan, negotiable bonds or commercial securities conferring upon *bona fide* holders immunity from legal or equitable defenses, but when the question first came before it, it held that a power given in a city charter to borrow money for any public purpose conferred upon a city the power to issue negotiable bonds to raise the money. In the cases which immediately followed this decision, the Supreme Court modified or limited these views.''

We have found much conflict of opinion on the general subject of implied power to issue bonds under the express power to borrow money, but considering the case at bar and the provision in the Constitution and the statutory provisions relative to issuance of municipal bonds, we are of opinion that the reasoning applicable to the instant case is expressed in the cases holding that power to raise money in any one year, by spread of a tax or by borrowing, does not carry implied power to raise money by an issue of negotiable bonds, extending over a period of years.

The question is controlled by *Brenham* v. *German American Bank,* 144 U. S. 173 (12 Sup. Ct. 559). It was also there pointed out that the power to borrow is not nugatory, unaccompanied by the power to issue negotiable bonds therefor.

The decree dismissing the bill is reversed and a decree will be entered here restraining the issue and sale of the proposed bonds. The case being of public importance there will be no costs.

Potter, C. J., and Nelson Sharpe, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.