## WRIGHT *v.* BARTZ.

1. TAXATION—EQUALIZATION BY BOARD OF SUPERVISORS—IMPLIED
   POWERS—UNOFFICIAL APPRAISERS.
   Provisions of general property tax law enpowering the board
   of supervisors to equalize taxes between townships, wards and
   cities, authorizing the board to examine rolls, ascertain whether
   the property has been equally and uniformly assessed at true
   cash value and providing for appeal from the board to the board
   of State tax commissioners which has the authority to change
   and equalize the valuations, which changes are final and bind-
   ing on the boards of supervisors, do not directly or by nec-
   essary implication authorize a board of supervisors to employ
   an unofficial agency of appraisers to aid in, or to do the work
   of assessing officers, the board of supervisors, or the State
   tax commissioners, in equalizing the assessments between town-
   ships, wards and cities (CL 1948, § 211.39).

2. COUNTIES—IMPLIED POWERS.
   A county board of supervisors has such implied powers and duties
   as are incident and necessary in the performance of their
   express powers and duties.

3. SAME—POWERS.
   An organized county has such powers and immunities as shall
   be established by law and boards of supervisors have such
   powers as are prescribed by law (Const 1908, art 8, §§ 1, 7).

4. SAME—POWERS.
   Counties have delegated powers only.

5. SAME—POWERS—CONSTITUTIONAL LAW—STATUTES.
   A county is a municipal corporation and possesses only those

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally as to power of county boards, see 14 Am Jur, Coun-
ties § 28.
[2–5] 14 Am Jur, Counties § 5.
[6] 3 Am Jur, Appeal and Error § 823.
[7] 14 Am Jur, Costs § 91.

powers which have been conferred upon it by the Constitution and the statutes (Const 1908, art 8, §§ 1, 7; CL 1948, §§ 45.3, 46.11).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ACTION OF BOARD OF SUPERVISORS—MAJORITY.

It is unnecessary to determine whether or not motion passed upon by board of supervisors, to employ an unofficial agency of appraisers to appraise real and personal property in the county, requires an affirmative vote of 2/3 of the members-elect to carry, where it is determined the board does not have the power to employ such appraisers.

7. COSTS—PUBLIC QUESTION—MANDAMUS—BOARD OF SUPERVISORS.

No costs are allowed in mandamus proceeding to compel the chairman and clerk of a county board of supervisors to declare a certain motion carried by the vote of the board, a public question being involved.

Appeal from Berrien; Arch (Charles O.), J., presiding. Submitted January 12, 1954. (Calendar No. 45,905.) Decided February 18, 1954.

Mandamus by William S. Wright, Leland L. Hill and Millard A. Dean against Alfred Bartz, chairman of the board of supervisors of Berrien county, and Frank X. Duerr, Jr., clerk, to enforce passage of motion to employ independent firm for purposes of appraisal. Writ denied. Plaintiffs appeal. Affirmed.

*Keith Ball,* for plaintiff Wright.

*Arthur G. Preston, Jr.,* for plaintiff Hill.

*W. M. Cunningham,* for plaintiff Dean.

*Joseph E. Killian,* for defendants.

BOYLES, J. This is an appeal from an order entered by the circuit court in Berrien county denying the petition of certain taxpayers and members of the

board of supervisors of said county for mandamus, to compel the chairman and clerk of said board to declare a certain motion carried by the vote of said board. From the denial of said petition by the circuit judge, the petitioners, on leave granted, appeal.

In May, 1951, the board of supervisors of said county directed its chairman to appoint a committee of its members to investigate and secure bids for a county-wide property appraisal. The committee was appointed and made an informal report. Thereupon the board adopted a resolution directing the committee to secure from a certain company a formal bid for revaluation of the taxable real and personal property, except farm personal, in said county. The bid, $129,622, was received, consideration of the bid was made a special order of business, and at the appointed time a motion was made and seconded that the bid be accepted. Roll call on the motion resulted in yea 25, nay 19, absent 1. The board consisted of its chairman and 45 members. The chairman ruled that in order for it to carry, the motion required a 2/3 majority of the members-elect and declared the motion lost. The plaintiffs requested the chairman to declare the motion carried, and requested the clerk to change the records accordingly. Both refused to comply, whereupon plaintiffs applied to the circuit court for a writ of mandamus to compel the chairman and clerk to comply; and an order to show cause was issued. The facts were stipulated, the trial court refused to issue the writ, dismissed the petition, and the plaintiffs appeal.

Appellants raise 2 questions for reversal:

1. Does the board of supervisors of Berrien county have the power or authority to employ an independent appraisal firm to make a county-wide appraisal of real and personal property, except farm personal property? Appellants say, yes.

The trial court, in a comprehensive opinion answered no, and concluded:

"It seems to the court that a county board of supervisors is somewhat restricted and limited in their activities by the Constitution and by the acts of the legislature. Nowhere within the acts of the legislature or the sections of the Constitution cited can this court find any right granted to the respective boards of supervisors to perform the act which plaintiffs propose to do. This court can find no express grant of authority, and it is unable to conclude that such power is impliedly granted or is incidental to that which is expressly conferred. * * * If it appears that the present laws are inadequate, then their appeal is to the legislature and not to the courts."

Counsel for appellants concede that the question whether or not a county board of supervisors has the power to employ an independent appraisal firm to appraise property for taxes, by virtue of its power or duty to equalize taxes, is a new one in this State. The only statutory authority to which appellants point to sustain their claim is CL 1948, § 211.34 (Stat Ann 1950 Rev § 7.52).* This is the provision which empowers boards of supervisors to equalize taxes between townships, wards and cities. It provides that boards of supervisors may examine assessment rolls, ascertain whether property has been equally and uniformly assessed at true cash value, and may equalize the same by adding to or deducting from the valuation of taxable property in any township, ward or city, to represent the true cash value thereof. It provides for appeals to the board of State tax commissioners, which has the authority to change and equalize the valuations, which changes shall be final and binding on the boards of supervisors.

---

* The amendment by PA 1952, No 264, has no bearing here.

We find nothing in said section which either directly or by necessary implication authorizes a board of supervisors to employ an unofficial agency of appraisers to aid in, or to do the work of the assessing officers, the board of supervisors, or the State tax commissioners, in equalizing the assessments between townships, wards and cities.

Counsel for appellants rely on *Conroy* v. *City of Battle Creek*, 314 Mich 210, where we held that Battle Creek, a home-rule city, had the authority, under the home-rule act and its city charter, to obtain expert information and contract with experts to assist the city assessor in exercising his duties in the revaluation and reappraisal of property within the city for taxation purposes. The basis for that conclusion we found in the home-rule act and the charter, and in various decisions of this Court supporting the conclusion that the purpose of the home-rule act was to secure to cities a greater degree of home rule and more exclusive rights in the conduct of municipal affairs.

Counsel for appellants point to no statute which confers upon counties powers similar to those of cities under the home-rule act. Appellants' claim is that a county board of supervisors has the power to employ an independent appraisal firm to appraise the property in the county for taxation purposes, as a necessary inference from its power to equalize taxes between townships, wards and cities. In support of the claim, appellants cite and rely on various legislative acts which expressly confer certain grants of power and impose certain duties in particular matters, upon boards of supervisors. From that basis, appellants argue that in addition to such express powers and duties, "boards of supervisors have such implied powers and duties as are incident and necessary in the performance of their express powers and duties."

As to that, it would seem that appellants' claim in that regard is not debatable. See *Thomas* v. *Board of Supervisors of Wayne County*, 214 Mich 72. But the precise question on which decision hinges here is whether the employing of an independent appraisal firm to appraise the property in a county for tax purposes is an implied power "incident and necessary in the performance of their (boards of supervisors) express powers and duties" to equalize the assessed valuation of property as between townships, wards and cities, so as to represent the true cash value thereof. We think not.

Each organized county has such powers and immunities as shall be established by law, and boards of supervisors have such powers as shall be prescribed by law. Const 1908, art 8, §§ 1, 7.

"Counties have delegated powers only." *Bond* v. *Cowan*, 272 Mich 296, 298.

"A county is a municipal corporation and possesses only those powers which have been conferred upon it by the Constitution and the statutes (Const 1908, art 8, §§ 1, 7; CL 1929, §§ 1101, 1130 [CL 1948, §§ 45.3, 46.11 (Stat Ann §§ 5.283, 5.331)])."

"Neither the Constitution nor statutes give authority to a county to expend public funds for the purpose of procuring reapportionment of representatives in the State legislature (Const 1908, art 5, § 4; art 8, §§ 1, 7; CL 1929, §§ 1101, 1130 [CL 1948 §§ 45.3, 46.11 (Stat Ann §§ 5.283, 5.331)])." *Mosier* v. *Wayne County Board of Auditors* (syllabi), 295 Mich 27.

By statute, the supervisor of a township has the duty to ascertain the taxable property in his township,* make an assessment roll showing property and persons liable to be taxed,† and the Constitution

---

* CL 1948, § 211.18 (Stat Ann 1950 Rev § 7.18).
† CL 1948, § 211.24 (Stat Ann 1950 Rev § 7.24).

requires the property be assessed at its cash value.*
When a board of supervisors equalizes taxes it has
before it these assessment rolls for the preparation
of which the statutes impose an express duty on
assessing officers.  Appellants in effect claim that it
is a necessary and implied power resting in the
board, in equalizing taxes between townships, wards
and cities, to obtain and have before it an appraisal
of the same property, made by an independent ap-
praisal firm—in effect, to duplicate the express
duties imposed by statute on its assessors and
supervisors.  Furthermore, the reappraisal of the
property in the county which appellants would have
the independent appraisal firm perform as a neces-
sary and incidental power impliedly given to the
board of supervisors in equalizing taxes, is a power
which the legislature has expressly conferred upon
the State tax commission, to which an appeal may
be taken by any supervisor not satisfied with the
equalization of taxes by the county board of super-
visors.  CL 1948, § 209.104 (Stat Ann 1950 Rev § 7.-
634.) By that legislation the State tax commissioners,
who are also *ex officio* members of the State board of
assessors and State board of equalization, are em-
powered to acquire the information as to the cash
value of property in the townships, which appellants
claim that the board of supervisors has the right to
obtain at county expense from an independent ap-
praisal firm.  We are not in accord with their claim.

We agree with the trial court that there is neither
an express nor implied power in the board of super-
visors to employ an independent appraisal agency
to perform the acts which plaintiffs propose to have
it do, in equalizing the taxes.  On that ground, and
in the absence of such power, we concur in the

---

* Const 1908, art 10, § 7.

denial of the writ of mandamus and dismissal of the petition.

2. Inasmuch as the above conclusion disposes of the case, it is not necessary to decide the second question raised by appellants, as to whether the motion passed upon by the board of supervisors requires an affirmative vote of 2/3 of the members-elect to carry.

Affirmed. No costs, a public question being involved.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.