WAYNE COUNTY JAIL INMATES v WAYNE COUNTY SHERIFF

WAYNE COUNTY JAIL INMATES v WAYNE COUNTY BOARD OF
COMMISSIONERS

1. COUNTIES—BOARD OF COMMISSIONERS—LEGISLATIVE POWERS—PRIS-
ONS—JAILS—STATUTES—COURTS.

Local boards of commissioners have legislative powers in some
matters but in carrying out the duties imposed upon them by
the Legislature their function is executive or administrative,
and they have no legislative function in the premises; so it is
with the duty imposed by the mandate to provide a "suitable
and sufficient" jail; whenever a board's executive or administra-
tive efforts result in a failure to perform duties legislatively
imposed, the court does not hesitate to order performance
(MCLA 45.16).

2. COUNTIES—BOARD OF COMMISSIONERS—PRISONS—JAILS—STATUTES—
COURTS.

It is manifestly within the province of county commissioners to
determine how to do their statutory duty to provide a "suitable
and sufficient" county jail and they have full responsibility for
the plan and detail; if they provide a suitable and sufficient jail
and keep it in good repair, no court may properly interfere,
even though the court might prefer some other manner of
meeting this legislative objective, but, where it is shown that
the commissioners have failed or refused to meet their respon-
sibility under the statute, the court can and will direct compli-
ance with whatever specificity is required to achieve the Legis-
lature's directive (MCLA 45.16).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 189–192.
[3] 63 Am Jur 2d, Public Officers and Employees §§ 261–283.
[4, 5] 60 Am Jur 2d, Penal and Correctional §§ 45–57.
[6] 60 Am Jur 2d, Penal and Correctional Institutions § 3.
[7] 50 Am Jur, Statutes §§ 14, 16.
[8] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 14.

3. Officers—Performance of Duties—Presumptions—Courts.

The proposition that a court must assume that a public officer will perform his duties has no application in a case where there has been a finding that public officers have not performed their duties.

4. Courts—Monitor—Counties—Prisons—Jails—Jail Maintenance.

A trial court's order appointing a monitor to help effect the relief determined to be appropriate to maintain humane conditions in a county jail is eminently proper.

5. Statutes—Prisons—Jails—Housing Law of Michigan—State Construction Code Act—Action—Savings Clause—Building Maintenance.

A savings clause of a statute, another section of which repealed the section of the state housing law which dealt with jails, preserved an action by jail inmates for equitable relief from alleged depraved, inhuman and barbaric conditions in the jail; the repealed section dealt only with the construction of a jail— not its maintenance; the maintenance provisions which applied to all buildings were not affected by the repealing statute (MCLA 125.410a, 125.1528, 125.1530).

6. Constitutional Law—Building Maintenance Regulations—Police Power.

Maintenance regulations applied to buildings constructed before their adoption are not constitutionally infirm because such regulations are a proper exercise of the police power.

7. Prisons—Jails—Department of Corrections—Statutes—Ordinances.

That part of the statute which authorizes the Department of Corrections to supervise jails and promulgate rules and standards for their administration nowhere authorizes the department to ignore local ordinances or pertinent state laws (MCLA 791.262).

8. Parties—Joinder of Parties—Court Rules—County Treasurer —Prisons—Jails.

The joinder provisions of the court rules are intended to authorize and provide for the joinder of whatever parties are necessary to effecting complete disposition of the claim and the convenient administration of justice; therefore, the trial court in an action by jail inmates for equitable relief from alleged depraved, inhuman, and barbaric conditions in the jail against the county board of commissioners and others properly added

the treasurer of the county the jail is located in as a party defendant because, while the treasurer is not concerned with the substantive issues of the case, he will be obliged in his official capacity to pay only such money as the court determines the other defendants owe as county officers (GCR 1963, 205–207).

Appeal from Wayne, Victor J. Baum, Richard M. Maher, and John D. O'Hair, JJ., and from Court of Appeals prior to decision and appeal from Court of Appeals, Division 1, V. J. Brennan, P. J., and Danhof and Bashara, JJ., affirming Wayne, Victor J. Baum, Richard M. Maher, and John D. O'Hair, JJ. Submitted November 8, 1973. (No. 12 November Term 1973, Docket No. 54,362.) Decided April 16, 1974.

Complaint by Wayne County Jail Inmates, Michael Harris and others, individually and on behalf of all other persons similarly situated, against William Lucas, Sheriff of Wayne County, Frank Wilkerson, Administrator of the Wayne County Jail, Wayne County Board of Commissioners, Robert E. Fitzpatrick, Chairman of the Wayne County Board of Commissioners, Arthur A. Sumeracki and John F. Williams, members of the Wayne County Board of Auditors, and Gus Harrison, Director of the Michigan Department of Corrections, individually and in their official capacities, for equitable relief from alleged depraved, inhuman, and barbaric conditions at the Wayne County Jail. Complaint dismissed as to the Director of the Department of Corrections. The trial court *sua sponte* added the Wayne County Treasurer, in his official capacity, as a party defendant. Judgment for plaintiffs. Wayne County Board of Commissioners and its chairman appealed to the Court of Appeals. Wayne County Treasurer appealed to the Court of Appeals from the order adding him as a

party defendant. Plaintiffs applied to the Supreme Court for leave to appeal prior to decision by the Court of Appeals. Leave granted. The Court of Appeals affirmed the order adding the treasurer as a party defendant. Plaintiffs' motion to amend the order granting leave to appeal and to consolidate the cases granted. Remanded with instructions.

*Alan W. Houseman* and *Robert L. Reed,* Michigan Legal Services Assistance Program, for plaintiffs.

*Aloysius J. Suchy,* Wayne County Corporation Counsel, *George H. Cross,* Chief Assistant Corporation Counsel and *David R. Kaplan,* Assistant Corporation Counsel, for defendants Wayne County Board of Commissioners and Robert E. Fitzpatrick, Chairman of the Board.

*Aloysius J. Suchy,* Wayne County Corporation Counsel, and *William F. Koney,* Assistant Corporation Counsel *(Edward M. Cassel,* of counsel), for defendant Wayne County Treasurer.

T. G. KAVANAGH, J. This is a class action brought by the inmates of the Wayne County Jail asking for equitable relief from the conditions at that institution which they assert infringe their rights under the state and Federal constitutions and the laws of the State of Michigan.

We granted leave to appeal the judgment for the plaintiffs and bypass of the Court of Appeals on the unopposed motion of plaintiff inmates because of the widespread public interest in the matter and of the fundamental significance of the matters involved both to the jurisprudence and the general welfare of the state.

Defendants sheriff, jail administrator, and the

auditors do not appeal. After lengthy hearings covering 13 months, a 3-judge panel of the Wayne Circuit Court on the evidence submitted and the testimony of state and Federal experts on penology found that the conditions at the Wayne County Jail were deplorable and did violate the plaintiffs' rights as claimed.

The defendant commissioners do not dispute the finding of facts or the conclusions of law with respect thereto made by the court. The whole thrust of their appeal is that the order of the court based on such findings and conclusions was void and unenforceable because it exceeded the powers of an equity court and because it violated the fundamental principle of the separation of powers. We will treat of the specific objections under separate headings.

## I —SEPARATION OF POWERS

MCLA 45.16; MSA 5.291 provides in pertinent part:

"Each organized county shall, at its own cost and expense, provide at the county seat thereof a suitable courthouse, and a suitable and sufficient jail and fireproof offices and all other necessary public buildings, and keep the same in good repair."

The defendant commissioners recognize, both in their brief and argument that the trial court had the power and duty to make findings as to whether the jail was a suitable and sufficient facility. They concede further that it would also be a proper judicial function to order the defendants-appellants, the public officials legally charged with that responsibility, to correct those conditions which the court found were causing the Wayne County

Jail to be an unsuitable and insufficient jail facility.

They assert, however, that the court went beyond its jurisdiction and violated the doctrine of separation of powers when instead of simply ordering the defendants in general terms to take the steps necessary to make the jail "suitable and sufficient", the court impinged upon the defendants' legislative function when it ordered in detail how this was to be accomplished and appointed a monitor to determine compliance with the court's order and report to the court.

This argument bespeaks a misconception of the nature of the office of the defendants.

While it is true that local boards of commissioners have legislative powers in some matters, in carrying out the duties imposed upon them by the Legislature their function is executive or administrative, and they have no legislative function in the premises. So it is with the duty imposed by the mandate to provide a "suitable and sufficient" jail. Whenever a board's executive or administrative efforts result in a failure to perform duties legislatively imposed, the court does not hesitate to order performance.

In *People, ex rel Bristow, v Supervisors of Macomb County,* 3 Mich 475 (1855) we affirmatively resolved the question of whether this Court has the power to compel a county board of supervisors to act in their executive capacity and pay an obligation imposed by law. See also *The Board of Metropolitan Police of the City of Detroit v The Board of Auditors of Wayne County,* 93 Mich 306; 53 NW 390 (1892).

Later in *Attorney General, ex rel Greenfield, v Board of Supervisors of Alcona County,* 167 Mich 666; 133 NW 825 (1911), we granted a writ of

mandamus compelling the Alcona County Board of Supervisors to properly expend withheld funds that by law could only be used for the completion of the county jail.

We have also ordered that boards of supervisors administer to public employees their salaries that by statute were set by public agencies other than boards of supervisors. *People, on relation of A H Schmittdiel, v The Board of Auditors of Wayne County,* 13 Mich 233 (1865); *Sturgis v Allegan County,* 343 Mich 209; 72 NW2d 56 (1955).

In the first instance it is manifestly within the province of the commissioners to determine how to do their duty. They have full responsibility for the plan and detail. If they provide a suitable and sufficient jail and keep the same in good repair, no court may properly interfere, even though the court might prefer some other manner of meeting this legislative objective. But upon a showing that the commissioners have failed or refused to meet their responsibility under the statute as is clearly the situation here, the court can and will direct compliance with whatever specificity is required to achieve the Legislature's directive.

To rule otherwise would enable local commissioners to thwart the legislative intent by endless foot dragging.

## II —APPOINTMENT OF MONITOR

The trial court in framing its injunctive relief appointed a monitor to investigate and report on the efforts made by the defendants to comply with the court's orders so as to avoid numerous formal hearings and expedite the attainment of relief.

Defendant commissioners do not oppose the appointment of a monitor in principle but contend

that the duties of the monitor as prescribed amount to unlawful judicial supervision of the performance of their official duties.

In support of their contention defendant commissioners cite authority for the proposition that a court must assume that a public officer will perform his duties.[1] The proposition is not in dispute but it has no application in the instant case where there has been a finding that public officers have not performed their duties.

The appointment of a person to carry out functions the court deems necessary to provide full and complete relief is not a novelty in American jurisprudence.[2] The use of judicial assistants, especially in prisoners' rights cases is a device that is being used with increasing frequency.[3]

The trial court's order appointing a monitor to help effect the relief determined to be appropriate is eminently proper. We commend the court for selecting this device which promises to be especially helpful in effecting justice.

---

[1] *Roe v Wade, District Attorney of Dallas County,* 410 US 113; 93 S Ct 705; 35 L Ed 2d 147 (1973), *reh den,* 410 US 959; 93 S Ct 1409; 35 L Ed 694 (1973); *Doe v Bolton, Attorney General of Georgia,* 410 US 179; 93 S Ct 739; 35 L Ed 2d 201 (1973); *reh den,* 410 US 959; 93 S Ct 1410; 35 L Ed 2d 694 (1973); *State Racing Commissioner v Wayne Circuit Judge,* 377 Mich 31; 138 NW2d 764 (1966); *Leach v Racing Commissioner,* 340 Mich 202; 65 NW2d 746 (1954).

[2] *See,* for example, *Silver v Ladd,* 74 US 219; 19 L Ed 138 (1868) (commissioner to convey title); *Grand Rapids Trust Co v Carpenter,* 229 Mich 491; 201 NW 448 (1924) (receiver for a corporation); *Jefferson County, ex rel Grauman, v Jefferson Fiscal Court,* 301 Ky 405; 192 SW2d 185 (1946) (commissioners to advise regarding change in boundaries of voting precincts); *O'Neil v United Association of Journeymen Plumbers,* 348 Pa 531; 36 A2d 325 (1944) (master to supervise election of union officers); *Bartlett v Gates,* 118 F 66 (CA 8, 1902) (master to supervise election of corporate officials); *United States v Manning,* 215 F Supp 272 (WD La, 1963) (referees to protect voting rights).

[3] For example *see, Inmates of Attica Correctional Facility v Rockefeller* 453 F2d 12 (CA 2, 1971) (monitors to protect inmates from brutality); *Hamilton v Landrieu,* 351 F Supp 549 (ED La, 1972) (master to report on compliance with court order and ombudsman to investigate inmate complaints).

### III —APPLICABILITY OF HOUSING REGULATIONS

The defendant commissioners objected to the finding by the trial court that the prisoners at the Wayne County Jail had the right to be housed in a facility which complied with the housing laws of the city and state and the regulations of the Michigan Corrections Department.

The burden of their objection is that the specific section of the state housing law which dealt with jails[4] was repealed by 1972 PA 230, § 28; MCLA 125.1528; MSA 5.2949 (28). There are two reasons why this argument must fail: first, § 30 of that act, a savings clause, preserved this particular action; and, second, the repealed section dealt only with the construction of a jail—not its maintenance. The maintenance provisions which applied to all buildings were not affected by the 1972 act.

The objection that maintenance regulations when applied to buildings constructed before their adoption are constitutionally infirm was held to be without merit in *Queenside Hills Realty v Saxl,* 328 US 80; 66 S Ct 850; 90 L Ed 1096 (1946), wherein the United States Supreme Court held that such regulations were a proper exercise of the police power. We reject the commissioners' argument for the same reason.

The claim of the defendant commissioners that the Department of Corrections alone can prescribe housing regulations for prisoners misses the mark. That part of the statute (MCLA 791.262; MSA 28.2322) which authorizes the department to supervise jails and to promulgate rules and standards for their administration nowhere authorizes the department to ignore local ordinances or perti-

---

[4] MCLA 125.410a; MSA 5.2781.

nent state laws. Until the department promulgates a rule which conflicts with some local ordinance or state law, we have no occasion to pass upon the validity of that regulation. No conflict between the department's regulations and either a state law or a local ordinance is established in this record.

In as much as this matter is to be remanded, the trial court shall determine: the applicability of the Department of Corrections' current requirement of 52 square feet of floor space per inmate[5] to jails constructed or altered before May 15, 1965 in light of the Department's original provision;[6] the reasonableness of including hall space in the computation of the 500 cubic feet of air space per occupant required by the state housing law;[7] and the specific requirements for ventilation under the Detroit Building Code.

The court shall also consider the possibility of approval of variances by the appropriate authorities.

## IV —JOINDER OF DEFENDANT TREASURER

We find no error in the trial court's order adding defendant Funk in his capacity as Treasurer of Wayne County. The joinder provisions of the 1963 Court Rules (GCR 1963, 205–207) are intended to authorize and provide for the joinder of whatever parties are necessary to effecting complete disposition of the claim and the convenient administration of justice.

The treasurer is not concerned with the substan-

---

[5] Department of Corrections Rules, Jails and Lockups, Rule 1(5); 1970 AACS (Supp No 62), R 791.101(5), p 49.

[6] Corrections Department, County Jails, Rule 1(1); 1964–1965 AACS, R 791.21(1), p 3419.

[7] MCLA 125.483; MSA 5.2855

tive issues of this case. He will be obliged in his official capacity to pay only such money as the court determines the other defendants owe as county officers.

## DISPOSITION

The trial court retained jurisdiction to assure compliance with its order.

As noted above the defendant commissioners challenged only the power of the court to enter its order and did not dispute the specific provisions of it.

In light of the fact that full compliance comprehends the expenditure of large sums of public money the defendant commissioners are directed within 30 days to introduce before the trial court any evidence they may have which puts in question the propriety of the specific provisions of the order. Such 30-day period shall not be extended by reason of any further application or proceedings in this or any other court. Upon consideration thereof the trial court is directed to issue a current order as may be appropriate.

We retain jurisdiction for the purpose of reviewing without delay any objections to such updated order with the end of bringing to a conclusion this controversy which is already too long protracted, and to securing for the plaintiffs relief to which they are entitled.

Remanded.

T. M. KAVANAGH, C. J., and SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. G. KAVANAGH, J.

J. W. FITZGERALD, J., did not sit in this case.