BROWNSTOWN TOWNSHIP v WAYNE COUNTY

1. Counties—Sheriffs and Constables—Constitutional Law—Statutes.

A county possesses only those powers that have been conferred upon it by the Constitution and statutes; the duty of law enforcement is constitutionally delegated to the counties by providing for the office of sheriff, and county charters are authorized to provide for the election of sheriffs (Const 1963, art 7, § 4; MCLA 45.514[c]; MSA 5.302[14][c]).

2. Constitutional Law—Legislature—Officers—Duties of Office.

The Legislature may vary the duties of a constitutional office, but may not change the duties so as to destroy the power to perform the duties of the office.

3. Sheriffs and Constables—Statutes—Reasonable Services—Common Law Duties—Statutory Duties.

A statute which requires a sheriff to perform all "reasonable services" within the jurisdiction of the office means that the sheriff must perform the duties of the office of sheriff as recognized at common law as well as those statutory duties which do not destroy the sheriff's power to perform the duties of the office at common law (MCLA 45.407; MSA 5.917).

4. Sheriffs and Constables—Duties—Common Law Duties—Statutory Duties—Road Patrol.

The duties of sheriff at common law relate to the execution of the orders, judgments, and process of the courts, the preservation of the peace, the arrest and detention of persons charged with the commission of a public offense, the service of papers in

References for Points in Headnotes

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 26, 132, 193 et seq.
[2] 63 Am Jur 2d, Public Officers and Employees § 262.
[3–5] 70 Am Jur 2d, Sheriffs, Police, and Constables § 21 et seq.
[6] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 144.

actions, and the like; Michigan has codified the common law duties of the sheriff with little variance, and there is no statutory requirement that the sheriff provide a road patrol.

5. Sheriffs and Constables—Duties—Road Patrol.

A sheriff is not required by either the common law or by statute to supply a full-time road patrol on all county roads and highways; what is minimally required is that the sheriff exercise reasonable diligence to (1) keep abreast of those areas inadequately policed which may require limited vigilance, (2) monitor criminal activity or unusual conditions in the county, and (3) respond professionally to calls for assistance from the citizenry.

6. Counties—County Board of Commissioners—Powers—Discretion—Appeal and Error.

A county board of commissioners is constitutionally granted legislative and administrative powers and duties as provided by law, and further granted the power to appropriate money and manage county affairs; the judiciary will not control the discretion of administrative bodies acting within the limits vested in them by law, unless the action is so capricious and arbitrary as to evidence a total failure to exercise discretion (Const 1963, art 7, § 8; MCLA 46.11; MSA 5.331).

Appeal from Wayne, Thomas J. Foley, J. Submitted January 16, 1976, at Detroit. (Docket No. 24162.) Decided March 25, 1976. Leave to appeal applied for.

Complaint by Brownstown Township, Canton Charter Township, Huron Township, Northville Township, Plymouth Township, Sumpter Township, and Van Buren Township against the County of Wayne, its Board of Commissioners, and William Lucas, Wayne County Sheriff, for injunctive and declaratory relief to compel the Wayne County Board of Commissioners to provide continued funding for the Wayne County Sheriff to continue road patrol service in the plaintiff townships. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Travis, Warren, Nayer & Burgoyne* (by *Bert Burgoyne* and *George E. Ward),* for plaintiffs.

*Aloysius J. Suchy,* Corporation Counsel, and *David R. Caplan,* Assistant Corporation Counsel, for defendants.

Before: McGregor, P. J., and Bashara and Allen, JJ.

Bashara, J. Appellants appeal from a summary judgment granted to the appellees in an action to compel the Wayne County Board of Commissioners to provide the necessary funds to enable the Wayne County Sheriff to continue road patrol service.

The appellants are six organized townships and one charter township in Wayne County. The Sheriff's department has for some time provided road patrol service to these townships. Appellants allege that the road patrol consists of approximately 28 deputies.

In Wayne County's fiscal year of 1973–74, which runs through November 30, 1974, the Board of Commissioners funded the road patrol up to August 31, 1974. The board announced that it might discontinue funding the road patrol service after that date. The Wayne County Sheriff responded by indicating that should the board discontinue funding the patrol, he would have to terminate road patrol service.

On August 29, 1974 the board allocated funds to the road patrol through the end of the fiscal year. For the fiscal year 1974–75 the board appropriated sufficient funds for the road patrol to operate at the 28-man level up to February 1, 1975. After that date the commissioners authorized a 25%

reduction in manpower, unless the appellants contributed to the cost of operation of the road patrol.

On January 21, 1975 the appellants filed an amended complaint alleging it was the statutory duty of the Board of Commissioners to fund the road patrol and it could not demand the appellants contribute to the cost of operation of the road patrol. They alleged further that the 28-man road patrol was totally inadequate and an absolute minimum of 40 men were required to supply the necessary amount of police protection.

On March 27, 1975 the trial judge granted appellee Wayne County Board of Commissioners' motion for summary judgment on the ground that appellants failed to state a claim upon which relief could be granted, because there was no duty of the sheriff to supply a road patrol. GCR 1963, 117.2(1). We agree.

It is not disputed that law enforcement for the protection of the safety and welfare of citizens is one of the paramount duties of the state or that the state can delegate that duty to the counties. A county, however, possesses only those powers that have been conferred upon it by the Constitution and statutes. Const 1963, art 7, § 8, *Mosier v Wayne County Board of Auditors,* 295 Mich 27, 29; 294 NW 85 (1940), *Bond v Cowan,* 272 Mich 296, 298; 261 NW 331 (1935).

The state has constitutionally delegated the duty of law enforcement to the county by providing for the office of sheriff. Const 1963, art 7, § 4. Statutory provisions authorize county charters to provide for the election of sheriffs. MCLA 45.514(c); MSA 5.302(14)(c).

The office of sheriff is a constitutional office with duties and powers provided by law. Const 1963, art 7, § 4, *Labor Mediation Board v Tuscola County*

*Sheriff,* 25 Mich App 159, 162; 181 NW2d 44 (1970). When officers are named in the Constitution they have a known legal character. The Legislature may vary the duties of a constitutional office, but it may not change the duties so as to destroy the power to perform the duties of the office. *Allor v Board of Auditors of County of Wayne,* 43 Mich 76, 102–103; 4 NW 492 (1880). See Murfree, Law of Sheriffs, § 41, p 22.

We proceed to analyze the duties of the sheriff. MCLA 45.407; MSA 5.917, provides:

"It is hereby provided that this act shall be so construed as to require the sheriff, under-sheriff and deputy sheriffs to *perform all reasonable services* within the jurisdiction of their offices for which the county may be liable and to serve and execute all civil writs and processes that may be reasonably served and executed by said officers under salary." (Emphasis supplied.)

We construe the provision "reasonable service" to mean the sheriff must perform the duties of the office of sheriff as recognized at common law as well as those statutory duties which do not destroy the sheriff's power to perform the duties of the office at common law.

Michigan's most authoritative case on the duties of the sheriff at common law is *White v East Saginaw,* 43 Mich 567, 570; 6 NW 86 (1880). That case quoted approvingly from *People v Edwards,* 9 Cal 286 (1858).

" '[T]he duties of sheriff, as such, relate to the execution of the orders, judgments, and process of the courts; the preservation of the peace; the arrest and detention of persons charged with the commission of a public offense; the service of papers in actions, and the like; they are more or less directly connected with the ad-

ministration of justice; they have no relation to the collection of revenue.' "

In *Scougale v Sweet,* 124 Mich 311; 82 NW 1061 (1900), the Court recognized that the sheriff could not shut his eyes to crime and had a duty to respond to prevent a breach of the peace of which he had notice. The Court stated that it was the duty of the sheriff to enforce those laws enacted by the people for the protection of their lives, persons, property, health, and morals. We find nothing in the common law of Michigan to indicate that a duty is imposed on the sheriff to supply a road patrol.

Michigan has codified the common law duties of the sheriff with little variance. For instance, sheriffs may execute all lawful orders and process of the circuit courts of this state. MCLA 600.582; MSA 27A.582. Sheriffs have charge and custody of the county jail and its prisoners. MCLA 51.75; MSA 5.868. Likewise, statutory law impliedly recognizes the duty of the sheriff to serve process in civil or criminal cases, preserve the peace, and apprehend persons committing a felony or a breach of the peace, because the sheriff may recruit suitable aid in performing these functions. MCLA 600.584; MSA 27A.584. See also MCLA 287.6; MSA 12.375 (enforcement of quarantine orders of animals); MCLA 752.527; MSA 28.135 (apprehension of persons who interrupt or disturb religious worship); MCLA 51.301; MSA 18.1221 (recovery of drowned bodies). However, our research again indicates no statutory requirement that the sheriff provide a road patrol.

The issue of whether the common law required the sheriff to provide a road patrol was recently considered by the Tennessee Supreme Court in *State ex rel Windham v LaFever,* 486 SW2d 740,

744 (Tenn, 1972), which concluded that the common law imposed no such duty on the sheriff. The Court held:

"[I]t is the duty of all county sheriffs to maintain law and order in parts of the county which the sheriff knows are not being adequately policed by local authorities, which calls for the exercise of a reasonable degree of activity and diligence on the part of the sheriff to keep informed of conditions in his county, but does not require him 'to patrol all roads and highways in the County regularly.' "

Likewise, the Court in *Jones v Wittenberg,* 357 F Supp 696, 700 (N.D. Ohio, 1973), addressed a collateral issue by stating:

"The weight of what little authority there is indicates that the Sheriff is only required to respond to calls. He does not have to serve as a patrolman for the County."

The oldest discernable authority is *State ex rel Thompson v Reichman,* 135 Tenn 653, 665; 188 SW 225, 228 (1916), *reh* 135 Tenn 685; 188 SW 597 (1916), which declared:

"We do not mean that it is his duty to patrol the county as the streets of the city are patrolled by the police, or to maintain a detective force to ferret out crimes. All we now decide is that it is the duty of the sheriff and his deputies to keep their eyes open for evidence of public offenses, and that is a distinct neglect of duty for them to ignore common knowledge of law violation or to intentionally avoid being where they have reason to believe that such offenses are being committed."

See also, *In re Sulzmann,* 125 Ohio St 594, 597; 183 NE 531, 532 (1932).

Our review of the authorities leads us to hold that neither the common law nor Michigan statutory authority impose a duty on the sheriff to supply a full-time road patrol on all county roads and highways. A stricter duty is imposed upon the sheriff to maintain law and order in those areas of the county not adequately policed by local authorities.[1] This does not mean that the sheriff must regularly patrol those areas. All that is minimally required is that the sheriff exercise reasonable diligence to (1) keep abreast of those areas inadequately policed, which may require limited vigilance, (2) monitor criminal activity or unusual conditions in the county, and (3) respond professionally to calls for assistance from the citizenry.

Another compelling reason exists for our trepidation to interfere with administrative decisions of the Board of Commissioners. The Separation of Powers doctrine, US Const Arts I, II, III, § 1, and Const 1963, art 3, § 2, mandates the legislative, executive and judicial branches be preserved distinct and independant of each other. *Attorney General ex rel Cook v O'Neill*, 280 Mich 649; 274 NW 445 (1937). The Board of Commissioners have constitutionally been granted legislative and administrative powers and duties as provided by law. Const 1963, art 7, § 8. This power has been further implemented by legislation granting the board the power to appropriate money and manage county affairs. MCLA 46.11; MSA 5.331. The judiciary will not control the discretion of administrative bodies acting within the limits vested in them by law, unless the action is so capricious and arbitrary as

---

[1] The rationale is that where there is a police force patrolling the streets, the sheriff, in absence of information to the contrary, is justified in assuming the police will perform its duty. *State ex rel Thompson v Reichman*, 135 Tenn 653, 665; 188 SW 225, 228 (1916).

to evidence a total failure to exercise discretion.[2] *Bischoff v County of Wayne,* 320 Mich 376; 31 NW2d 798 (1948).

Affirmed. No costs, a public question.

---

[2] *Wayne County Jail Inmates v Wayne County Sheriff,* 391 Mich 359, 364; 216 NW2d 910 (1974), does not compel a different result. In that case the Court recognized a legislative duty, MCLA 45.16; MSA 5.291, imposed upon the county to provide a "suitable and sufficient" jail. The county's failure to perform that duty justified the Court's order of performance. In the instant case there is no common law or legislative duty of the county or the sheriff to provide a road patrol, and therefore, no justification for this Court to act.