MICHIGAN SALT WORKS *v.* BAIRD.

INJUNCTION—CONSTITUTIONAL LAW—CRIMINAL LAW.
> Equity has jurisdiction, in case irreparable injury is threatened, to enjoin the enforcement of such criminal laws as are contained in the salt inspection act (2 Comp. Laws, §§ 4911–4953, as amended by Act No. 323, Pub. Acts 1905, 2 How. Stat. [2d Ed.] §§ 2544 *et seq.*), claimed by a manufacturer to be unconstitutional, and to restrain the collection of fees thereunder by salt inspectors.[1]

Appeal from St. Clair; Law, J.   Submitted November 20, 1912.   (Docket No. 188.)   Decided February 19, 1913.

Bill by the Michigan Salt Works against John Baird and another for an injunction.   From an order overruling a demurrer to the bill of complaint, defendants appeal. Affirmed.

*Frank T. Wolcott* and *E. S. Black,* for complainant.

*Franz C. Kuhn,* Attorney General, and *Arthur P. Hicks,* Assistant Attorney General, for defendants.

BROOKE, J.   The questions involved are, we think, correctly stated as follows in the brief of the attorney general:

"This is an appeal from an order overruling defendant's demurrer to an injunction bill filed in the circuit court for the county of St. Clair, in chancery, by the Michigan Salt Works.   The complainant is a corporation organized under the provisions of Act 232, Public Acts of 1885, on April 18, 1903, and its business, as stated in its articles, is:

---

[1] As to injunction against a prosecution of criminal or quasi criminal nature, see notes in 2 L. R. A. (N. S.) 631; 25 L. R. A. (N. S.) 193; and 34 L. R. A. (N. S.) 454.

" 'Manufacturing salt and all kinds of products made from salt, operating such other factories as may be required to utilize the extra steam from the salt plants of this company, also generating power from such extra steam and selling the same.'

" The bill prays for a perpetual injunction restraining defendants 'from attempting to enforce the said salt inspection act hereinbefore set forth, and from inspecting, or attempting to inspect, salt offered for sale by your orator, and from collecting, or attempting to collect, any tax or inspection fees under said act, and from commencing any suits or actions to recover any inspection fees or to recover the penalties and forfeitures provided for in said act, and from attempting to in any way enforce the provisions of said act.' The defendant John Baird is the salt inspector, duly appointed, qualified, and acting under and pursuant to the provisions of Act 29, Public Acts of 1869 (sections 4911 to 4953, Compiled Laws of 1897), as amended by Act 323, Public Acts of 1905 [2 How. Stat. (2d Ed.) §§ 2544, et seq.]; and the defendant William Hodgson is the duly appointed, qualified, and acting deputy salt inspector of the district comprising St. Clair county, in which complainant's plant is located. The bill avers further the payment of fees by complainant and other salt manufacturers for the inspection of salt, and that defendants will continue to enforce the provisions of the act; that other food products, such as flour and sugar, manufactured in this State, are not subjected to inspection; that 75 per cent. of salt manufactured in Michigan is shipped into other States and foreign countries; that the act is not adapted to the present system of manufacturing salt, which complainant somewhat fully describes; that the salt inspection act has not been enforced, except to the extent of collecting fees; that the inspection is not beneficial, and that the penalties for violation of act are excessive; that the deputy salt inspectors have in years past threatened complainant that they would enforce every provision of the salt inspection act against it if it did not pay the salt inspection fees; that the fees collected are not sufficient to pay the cost of inspection in accordance with the law; that the act places arbitrary power in the hands of the inspector to specify the quantity of salt to be placed in bags and packages; that the present deputy salt inspector in district No. 3 is engaged in the saloon business in the village of Algonac, and is not familiar with the business of manufacturing salt, and is

incompetent; that attempts have been made to secure the repeal of the law, which attempts have been ineffective; that there is no inspection of table salt manufactured in this State, although required by the statute; that complainant would be menaced with a multiplicity of actions and suits for the collection of penalties and its officers, agents and employés menaced by criminal suits, unless a temporary injunction is granted in accordance with the prayer of the bill.   It is averred in the bill that the inspector and his deputies are undertaking to go beyond the plain provisions of the statute in their inspection.   The only grounds alleged for the granting of a temporary injunction are the unconstitutionality of the law and the expressed fear that the inspectors will undertake to enforce it.

" The bill further alleges that the act is unconstitutional in the following particulars:

"(1) Because it violates section 15 of article 2 of the revised Constitution, which provides that 'excessive fines shall not be imposed,' etc.

"(2) Because it violates section 16 of article 2 of the revised Constitution, which provides that 'no person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law.'

"(3) Because certain sections of the act, to wit, sections 20, 30, 35, and 36, are without the scope of the title of the act, and therefore in violation of section 21 of article 5 of the revised Constitution which provides:

" 'No law shall embrace more than one object, which shall be ex pressed in its title.'

"(4) That the act is in violation of section 3 of article 10 of the Constitution, which provides that—

" 'The legislature shall provide, by law, a uniform rule of taxation, except on property paying specific taxes and taxes shall be levied on such property as shall be prescribed by law.'

"(5) That said act violates section 1 of the fourteenth amendment to the United States Constitution, which provides:

" 'No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property with-

out due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.'

"(6) That it violates paragraph 5 of section 9 of article 1 of the Constitution of the United States, which provides:

"'No tax or duty shall be laid on articles exported from any State.'

"(7) That it violates paragraph 2 of section 10 of article 1 of the Constitution of the United States, which provides:

"'No State shall without the consent of Congress lay any impost or duty on imports or exports, except that may be absolutely necessary for executing its inspection laws.'

"And in addition to the constitutional questions, it is alleged:

"(1) That the salt inspection act is repealed by the dairy and food law.

"(2) That the salt inspection act is superseded by the Federal food and drug act.

"(3) That the salt inspection law is obsolete.

"The prayer for relief is as follows:

"'That upon the hearing of said cause, a decree may be entered by this honorable court, declaring and decreeing said act, and each and every provision thereof, unconstitutional, null, and void, and that the said defendants, John Baird and William Hodgson, his or their deputies, agents, attorneys, and counselors, may be restrained by the writ of injunction issued out of this court, directed to them and each of them, from attempting to enforce the said salt inspection act, hereinbefore set forth, and from inspecting, or attempting to inspect, salt manufactured or offered for sale by your orator, and from collecting, or attempting to collect, any tax or inspection fees under said act, and from commencing any suits or actions to recover said inspection fees, or to recover the penalties and forfeitures provided for in said act, and from attempting to in any way enforce the provisions of said act.'

"To this bill the defendants demurred upon the following grounds:

"(1) That a court of equity has no jurisdiction to entertain the bill of complaint and to grant the relief, or any part thereof prayed for in complainant's bill of complaint.

"(2) That complainant has a full, adequate, and complete remedy at law.

"(3) That the said bill of complaint seeks to restrain criminal prosecutions.

"(4) That the bill of complaint is in effect a suit against the State.

"(5) That the act (Act 29 of the Public Acts of 1869), as amended, is not unconstitutional for any of the reasons alleged in complainant's bill.

"On August 25th the demurrer was overruled, and at the same time a temporary injunction was directed to issue."

The case is here by appeal. The statute involved in this proceeding is a very old one. Its validity has not before been questioned in a legal proceeding. It is contended that the bill of complaint is filed to enjoin State officials from enforcing criminal prosecutions and that upon the proposition of invoking the aid of the chancery court in such cases, while there is a wide disagreement in the authorities, the question is not a new one in this State. It is claimed that in a mandamus case, brought to set aside an injunction which restrained the State game and fish warden from criminally prosecuting violators of a statute upon the ground that it was unconstitutional, the late Justice HOOKER, speaking for the court, said:

"It is a general rule that criminal prosecutions cannot be restrained by injunction. Once have it understood that they may be, and the public would labor under additional embarrassment to the already great obstacles to the prevention of crime. There is no excuse, upon reason or authority, for enjoining the prosecution of the complainant for violations of the law providing for a close season. If the law were unconstitutional, it would be available by way of defense to the criminal charge, and therefore no occasion for chancery to take jurisdiction for the want of an adequate remedy at law. See Mechem, Public Officers, § 992, and cases cited. It has never been found necessary or expedient that the validity and construction of criminal laws should be determined in chancery, for the guidance of courts of criminal jurisdic-

tion." *Osborn* v. *Charlevoix Circuit Judge,* 114 Mich. 655 (72 N. W. 982).

In *Pratt Food Co.* v. *Bird,* 148 Mich. 631 (112 N. W. 701, 118 Am. St. Rep. 601), it was said:

"A court of equity will not transfer to its own jurisdiction the trial of a criminal case; and this though the prosecution may fall with some hardship upon the accused party."

It is urged that, unless we are ready to overrule the case of *Osborn* v. *Charlevoix Circuit Judge, supra,* it follows that the demurrer should have been sustained.

As we understand the position of the complainant, it is not contended that equity has jurisdiction, as a general rule, to restrain criminal prosecutions, nor is it contended that an equitable proceeding is proper merely for the purpose of determining the constitutionality of an act of the legislature. It is contended, however, that this bill of complaint sets out other grounds for equitable relief than simply the restraining criminal prosecutions as appears from what we have already stated, and that the averments of the bill of complaint are sufficient to clothe the court with jurisdiction, and, having jurisdiction, the court will retain the cause, and, if necessary to meet the ends of justice, will determine the constitutionality of the act of which complaint is made. There can be no question that the general rule is as stated in *Osborn* v. *Charlevoix Circuit Judge, supra.* It may be noted that in that case the court went into the merits of the case and held the act to be constitutional. That conclusion disposed of the question upon the merits, and a determination of the jurisdictional point was not necessary, however pertinent and sound it may have been.

While the general rule is as above stated, we think it is established, by the weight of authority, that in certain classes of cases, of which the one at bar is a good example, equity will take jurisdiction. Referring to the contention of defendants that complainant has a full, adequate, and complete remedy at law, it is true that it has a legal rem-

edy. It may refuse to comply with the provisions of the act in question, and so expose itself and its responsible officers to prosecution under the act. Upon such prosecution, it may set up, in its defense, the alleged unconstitutionality of the law; and, if upheld in its contention, it will escape punishment either by way of fines or imprisonment. But suppose complainant should be illy advised, and upon final adjudication it is determined that the law is valid, it then becomes liable to all the penalties provided by the statute.

If a year should be consumed in reaching a legal determination of the question, this complainant, according to the averments in the bill, would (in the event of an adverse decision) be liable to fines aggregating more than $200,000, besides a possible term of imprisonment for some one or more of its responsible officers. It is easily to be supposed that a much longer period of time might elapse between complaint and final conviction. Under such circumstances, it is not difficult to understand that counsel would hesitate to advise a client to take a course involving the possibility of such heavy penalties; and it is easier still to apprehend how reluctant the party himself would be to incur such a grave hazard.

The jurisdiction of a court of equity, in cases like the one at bar, depends, not upon the absence of a legal remedy, but upon its inadequacy, and the exercise of such jurisdiction rests in the sound discretion of the court. In the case of *Ex parte Young*, 209 U. S. 123 (28 Sup. Ct. 441, 13 L. R. A. [N. S.] 932, 14 Am. & Eng. Cas. 764), where the same contention, upon the question of jurisdiction, as is here insisted upon was urged, Mr. Justice Peckham said:

"It is further objected that there is a plain and adequate remedy at law open to the complainants and that a court of equity, therefore, has no jurisdiction in such case. It has been suggested that the proper way to test the constitutionality of the act is to disobey it, at least once, after which the company might obey the act pend-

ing subsequent proceedings to test its validity. But, in the event of a single violation the prosecutor might not avail himself of the opportunity to make the test, as obedience to the law was thereafter continued, and he might think it unnecessary to start an inquiry. If however, he should do so while the company was thereafter obeying the law, several years might elapse before there was a final determination of the question; and, if it should be determined that the law was invalid, the property of the company would have been taken during the time, without due process of law, and there would be no possibility of its recovery.

"Another obstacle to making the test on the part of the company might be to find an agent or employé who would disobey the law, with a possible fine and imprisonment staring him in the face if the act should be held valid. * * * It is true the company might pay the fine, but the imprisonment the agent would have to suffer personally. * * *

"All the objections to a remedy at law as being plainly inadequate are obviated by a suit in equity, making all who are directly interested parties to the suit, and enjoining the enforcement of the act until the decision of the court upon the legal question."

See, also, *Cotting* v. *Stock Yards Co.*, 183 U. S. 79 (22 Sup. Ct. 30); *Dobbins* v. *Los Angeles*, 195 U. S. 223 (25 Sup. Ct. 18); *State, ex rel. Ladd,* v. *Cass County District Court*, 17 N. D. 285 (115 N. W. 675, 15 L. R. A. [N. S.] 331); *Bonnett* v. *Vallier*, 136 Wis. 193 (116 N. W. 885, 17 L. R. A. [N. S.] 486, 128 Am. St. Rep. 1061). These cases and those therein cited and discussed, in our opinion, by the weight of authority, establish the principle that equity has jurisdiction to interfere, by injunction, in a case where public officials are proceeding illegally and improperly under claim of right, where it is alleged, as in the instant case, that the complainant thereby suffers irreparable injury.

Upon the meritorious questions presented by the bill, no opinion is expressed. When the defendants have answered and a hearing is had, it will be time enough to consider that phase of the case. In the meantime, the State is

suffering no injury, for, while an interim injunction prevents the collection of the fees under the act, an adequate bond seems to have been required by the court below.

The order is affirmed, without costs to either party.

STEERE, C. J., and MOORE, MCALVAY, STONE, and OSTRANDER, JJ., concurred.