DIGGS v. STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS.

**1. PLEADING—MOTION TO DISMISS—APPEAL AND ERROR.**
In passing upon propriety of order denying motion to dismiss bill of complaint before hearing on the merits, well-stated allegations of fact in the bill must be taken as true on appeal.

**2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MOTION TO DISMISS—CONSTITUTIONAL LAW—STATUTES.**
The Supreme Court may not undertake to pass upon the merits of the claim that statute involved was not constitutional, where the trial court, in denying motion to dismiss plaintiff's bill for injunction against enforcing such statute, did not pass upon such claim (Act No. 229, Pub. Acts 1939, as last amended by Act No. 207, Pub Acts 1947).

**3. SAME—CONSTITUTIONAL LAW—STATUTES.**
A party assailing the constitutionality of a regulatory act would not be limited to review provided by such act, since if the act were found to be unconstitutional the remedy therein provided would fall with the rest of the act.

REFERENCES FOR POINTS IN HEADNOTES
[1] .17 Am. Jur., Dismissal and Discontinuance, § 46.
[2] 3 Am. Jur., Appeal and Error, § 293.
[4] 28 Am. Jur., Injunctions, §§ 47, 48, 166, 181–184.
[5] 28 Am. Jur., Injunctions, § 38.

4. INJUNCTION—CONSTITUTIONAL LAW—IRREPARABLE INJURY.

Where an irreparable injury will result from the acts of public officials in attempting to proceed under an invalid law, the jurisdiction of equity may be invoked for the purpose of obtaining injunctive relief and a determination as to the constitutionality of the statute that is involved.

5. SAME—CONSTITUTIONAL LAW—ADEQUACY OF REMEDY AT LAW—DISCRETION OF COURT.

The jurisdiction of a court of equity to enjoin enforcement of a regulatory statute depends, not upon the absence of a legal remedy, but upon its inadequacy, and the exercise of such jurisdiction rests in the sound discretion of the court.

6. EQUITY—PLEADING—MOTION TO DISMISS—REVOCATION OF LICENSE AS EMBALMER AND FUNERAL DIRECTOR—CONSTITUTIONAL LAW—STATUTES.

Motion to dismiss bill by embalmer and funeral director whose licenses were revoked by the State board of embalmers and funeral directors under a statute which plaintiff claimed was unconstitutional because in violation of provisions of the State and Federal Constitutions and that defendant board members were therefore without authority to interfere with plaintiff in the carrying on of his business *held,* properly denied, since it set forth a cause of action cognizable in equity and the appeal provided in the statute attacked may not be said to afford an adequate remedy to plaintiff (Act No. 229, Pub. Acts 1939, as last amended by Act No. 207, Pub. Acts 1947).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 14, 1948. (Docket No. 46, Calendar No. 43,914.) Decided June 14, 1948.

Bill by Charles C. Diggs, Sr., individually and doing business as Diggs Funeral Church, against State Board of Embalmers & Funeral Directors of the State of Michigan and others to set aside revocation of plaintiff's licenses as embalmer and funeral director. Motion to dismiss denied. Defendant appeals. Affirmed.

*Lloyd A. Loomis* and *William L. Colden* (*George Stone,* of counsel), for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara, Ben H. Cole* and *Victor H. Meier,* Assistants Attorney General, for defendants.

CARR, J. Defendants herein have appealed, on leave granted, from an order of the trial court denying a motion to dismiss the bill of complaint. Said motion was based on the claim that the plaintiff had an adequate remedy at law and that in consequence his bill of complaint did not set forth a cause of action for equitable relief. It raised no issue in any way touching the merits of the case. The record does not disclose that the trial judge filed any opinion in the matter. Presumably the order from which defendants appeal was based on the determination of the jurisdictional question as raised by the motion.

For the purposes of this appeal, well-stated allegations of fact in the bill of complaint must be taken as true. Plaintiff is a resident of Wayne county and for several years past has engaged in business as a practicing embalmer and funeral director. The bill of complaint shows that the individual defendants are the members of the State board of embalmers and funeral directors created by Act No. 229, Pub. Acts 1939.* Charges of unprofessional conduct were filed with said board against plaintiff and a hearing was held for the purpose of determining whether the license previously granted to him should be revoked or suspended. Following such hearing an order was made revoking plaintiff's license. The bill of complaint avers that the purpose of the defendants is to prevent the plaintiff "from engaging in the business of embalming, funeral directing, and

---

* Amended by Act No. 166, Pub. Acts 1941; Act No. 93, Pub. Acts 1943, Act No. 267, Pub. Acts 1945, Act No. 207, Pub. Acts 1947 (Stat. Ann. 1947 Cum. Supp. § 14.508[1] *et seq.*).

undertaking except upon pain of various penalties, fines, imprisonments, and various forfeitures and seizures of his property, and to destroy plaintiff's business and property, all to his irreparable damage, which said damages would be incapable of admeasurement and adjudication in an action of law." It further appears that defendants have advised public officials that certificates signed by plaintiff cannot be honored, and in consequence plaintiff's business activities have been effectually terminated. Other statements in the bill with reference to the effect of defendants' acts on plaintiff's business are of similar import.

Plaintiff asserts that the statute above cited, under which defendants claim to have acted, is unconstitutional because in violation of provisions of the State and Federal Constitutions. Plaintiff asserts in substance that such statute is not a proper exercise of the police power of the State, that it involves an illegal delegation of legislative and judicial power to the board, and that the said board is illegally constituted in that the statute requires its members to be licensed embalmers and funeral directors to be appointed by the commissioner of health of the State, expressly authorizing such members to be selected from names proposed annually by the Michigan funeral directors' and embalmers' association. The claim is further made that the proceedings of the board were conducted in such manner as to violate constitutional requirements with reference to due process of law. The principal question involved, however, arises from the claim that the statute is unconstitutional and that as a result defendants are wholly without authority to interfere with plaintiff in the carrying on of his business.

On behalf of defendants it is insisted that plaintiff should have invoked the remedy by way of appeal

granted by section 10 of the act as last amended by Act No. 207, Pub. Acts 1947 (Stat. Ann. 1947 Cum. Supp. § 14.508 [10]), which reads in part as follows:

"Any person who has been refused a license renewal or whose license has been revoked or suspended, may, within 30 days after the decision of the said board, file with the board a written notice setting forth that he feels himself aggrieved by such decision and appeals therefrom to the circuit court for the county within which such person resides and such circuit court shall hear and determine as to whether the action of the board was in accordance or consistent with this act, or the Constitution of this State or that said decision of the board was arbitrary, unwarranted or in abuse of discretion. Upon the filing of such notice, the board shall transmit forthwith to the clerk of the circuit court the records and findings of such proceedings. An appeal from the circuit court, judgment or decree may be reviewed by the Supreme Court the same as appeals from chancery decrees."

Defendants' argument rests on the theory that plaintiff might have raised, on appeal under the statute, the questions presented by the bill of complaint, and that in consequence his remedy under the statutory proceeding is adequate. Reliance is placed on the decision of this Court in *Slezenger* v. *Liquor Control Commission,* 314 Mich. 644. In that case the plaintiff's license for the sale of intoxicating liquor was revoked after a hearing, and plaintiff filed suit in equity asking for an injunction to enjoin the defendant from enforcing said order. It was his claim that the hearing before the board was not conducted in a proper manner, that incompetent evidence was received, that plaintiff was precluded from presenting the proof that he was entitled to offer, and that the requirements of the statute were not observed.

Section 20 of the liquor act * specifically provided that a licensee should have no right of appeal from a final determination of the liquor commission except "by writ of certiorari to the proper court." A motion to dismiss was granted by the trial court, and the order of dismissal was upheld by this Court on the ground that the remedy provided by the statute was adequate. However, in that case the constitutionality of the statute under which the defendant commission acted was not challenged. The plaintiff's alleged cause of action as set forth in his bill of complaint rested on the theory that the statute had not been followed in the proceedings leading to the revocation of his license. It was further claimed in argument by counsel for plaintiff that it was not within the power of the legislature to make the remedy by way of certiorari exclusive. As the opinion in the case indicates, this Court disagreed with that contention. As suggested, the bill of complaint contained no allegation that said clause or any other provision of the statute was unconstitutional.

In the case at bar plaintiff, as before noted, assails the constitutionality of the statute under which the defendant board has proceeded. The trial court did not pass on the merits of the claim, and for obvious reasons this Court may not, on the record now before us, undertake to do so. If plaintiff's position is correct, in other words, if the entire statute is unconstitutional, then the provisions with reference to an appeal from an order of defendant board would necessarily fall with the rest of the act. It is scarcely logical to say that plaintiff is bound to press a remedy ostensibly granted by the statute the validity of which he assails.

---

* Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937, Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209–35; Stat. Ann. 1947 Cum. Supp. § 18.991).

This Court has repeatedly held that in cases where an irreparable injury will result from the acts of public officials in attempting to proceed under an invalid law, the jurisdiction of equity may be invoked for the purpose of obtaining injunctive relief and a determination as to the constitutionality of the statute that is involved. In *Michigan Salt Works* v. *Baird,* 173 Mich. 655, a suit in equity was instituted against the salt inspector of the State to enjoin him from enforcing a statute for the inspection of salt and the collection of fees therefor. From an order overruling a demurrer to the bill of complaint the defendant appealed. After referring to the general rule laid down in *Osborn* v. *Charlevoix Circuit Judge,* 114 Mich. 655, it was said:

"While the general rule is as above stated, we think it is established, by the weight of authority, that in certain classes of cases, of which the one at bar is a good example, equity will take jurisdiction. Referring to the contention of defendants that complainant has a full, adequate, and complete remedy at law, it is true that it has a legal remedy. It may refuse to comply with the provisions of the act in question, and so expose itself and its responsible officers to prosecution under the act. Upon such prosecution, it may set up, in its defense, the alleged unconstitutionality of the law; and, if upheld in its contention, it will escape punishment either by way of fines or imprisonment. But suppose complainant should be illy advised, and upon final adjudication it is determined that the law is valid, it then becomes liable to all the penalties provided by the statute. * * *

"The jurisdiction of a court of equity, in cases like the one at bar, depends, not upon the absence of a legal remedy, but upon its inadequacy, and the exercise of such jurisdiction rests in the sound discretion of the court. In the case of *Ex parte Young,* 209 U. S. 123 (28 Sup. Ct. 441, 52 L. Ed. 714, 13

L. R. A. [N. S.] 932, 14 Ann. Cas. 764) where the same contention, upon the question of jurisdiction, as is here insisted upon was urged, Mr. Justice Peckham said:

" 'It is further objected that there is a plain and adequate remedy at law open to the complainants and that a court of equity, therefore, has no jurisdiction in such case. It has been suggested that the proper way to test the constitutionality of the act is to disobey it, at least once, after which the company might obey the act pending subsequent proceedings to test its validity. But, in the event of a single violation the prosecutor might not avail himself of the opportunity to make the test, as obedience to the law was thereafter continued, and he might think it unnecessary to start an inquiry. If however, he should do so while the company was thereafter obeying the law, several years might elapse before there was a final determination of the question; and, if it should be determined that the law was invalid, the property of the company would have been taken during the time, without due process of law, and there would be no possibility of its recovery.

" 'Another obstacle to making the test on the part of the company might be to find an agent or employee who would disobey the law, with a possible fine and imprisonment staring him in the face if the act should be held valid. * * * It is true the company might pay the fine, but the imprisonment the agent would have to suffer personally. * * *

" 'All the objections to a remedy at law as being plainly inadequate are obviated by a suit in equity, making all who are directly interested parties to the suit, and enjoining the enforcement of the act until the decision of the court upon the legal question.'

"See, also, *Cotting* v. *Kansas City Stock Yards Co.*, 183 U.S. 79 (22 Sup. Ct. 30, 46 L. Ed. 92); *Dobbins* v. *Los Angeles*, 195 U.S. 223 (25 Sup. Ct. 18, 49 L. Ed. 169); *State, ex rel. Ladd*, v. *Cass County District Court*, 17 N.D. 285 (115 N.W. 675, 15 L.R.A.[N.S.]

331); *Bonnett* v. *Vallier,* 136 Wis. 193 (116 N.W. 885, 17 L.R.A.[N.S.] 486, 128 Am. St. Rep. 1061). These cases and those therein cited and discussed, in our opinion, by the weight of authority, establish the principle that equity has jurisdiction to interfere, by injunction, in a case where public officials are proceeding illegally and improperly under claim of right, where it is alleged, as in the instant case, that the complainant thereby suffers irreparable injury.

"Upon the meritorious questions presented by the bill, no opinion is expressed. When the defendants have answered and a hearing is had, it will be time enough to consider that phase of the case. In the meantime, the State is suffering no injury, for, while an interim injunction prevents the collection of the fees under the act, an adequate bond seems to have been required by the court below."

The concluding paragraph of the above quotation may well be applied to the case at bar. As before noted, the trial judge did not pass on the merits of the case and on the record before him could not properly have done so. The motion to dismiss raised no issue except as to the matter of procedure. In this regard the situation was materially different than was involved in *Fitzpatrick* v. *Liquor Control Commission,* 316 Mich. 83. There a suit in equity was brought to enjoin the enforcement of an amendment to the State liquor law made by Act No. 133, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 9209-34a, Stat. Ann. 1947 Cum. Supp. § 18.990[1]), with reference to the employment of female bartenders. A motion to dismiss the bill of complaint was filed which set forth, not only that the bill failed to state an equitable cause of action, but also that the statutory provisions that plaintiff sought to attack were proper exercises of the police power of the State and within the power of the legislature to enact. On the record thus made the trial court considered

the case on the merits and this Court, in affirming, did likewise. In the instant case the situation is wholly analogous to that presented in *Michigan Salt Works* v. *Baird, supra.* In other words this Court may not, on this record, pass on the merits of the questions raised in the bill of complaint. Those questions are not before us. A somewhat analogous situation was presented in *Maurer* v. *Greening Nursery Co.,* 199 Mich. 522, where it was said:

"The constitutionality of the act is attacked under the 'due process' clause of the Constitution, on the specific ground that the penalties imposed by the act are excessive. This question does not appear to have been presented to nor passed upon by the trial court. In view of our rule that trial courts must be given an opportunity to pass upon questions before being raised in this Court, we shall not consider it."

The rule recognized and applied in *Michigan Salt Works* v. *Baird, supra,* has been followed by this Court in subsequent decisions. Thus in *Devereaux* v. *Township Board of Genesee Township,* 211 Mich. 38, it was held that equity had jurisdiction to restrain the enforcement of a statute (Act No. 97, Pub. Acts 1919 [2 Comp. Laws 1929, § 8911 *et seq.* (Stat. Ann. § 18.511 *et seq.*)]) relating to the licensing of pool rooms, dance halls, et cetera, on the ground of its unconstitutionality. Of like import are *Postal* v. *Village of Grosse Pointe,* 239 Mich. 286; *Cook Coffee Co.* v. *Village of Flushing,* 267 Mich. 131; *Milk Marketing Board* v. *Johnson,* 295 Mich. 644. See, also, *Toole* v. *State Board of Dentistry,* 300 Mich. 180, and *Fitzpatrick* v. *Liquor Control Commission, supra,* in both of which cases the jurisdiction of equity to determine the constitutionality of a statute was invoked without question. Under the foregoing decisions and others of similar nature, we think the

bill of complaint fairly set forth a cause of action cognizable in equity.

For the reasons above indicated, the appeal provided for by the statute that plaintiff attacks may not be said to afford him an adequate remedy. It is by its terms limited to a review of the orders and procedure of the board under the statute. Obviously it was not intended by the legislature in its enactment that it should furnish a means of challenging the constitutionality of the entire statute. On the record before him the trial court was correct in denying the motion to dismiss. The order is therefore affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.