SCHOOL DISTRICT OF THE CITY OF ROYAL OAK *v.*
STATE TENURE COMMISSION.

1. INJUNCTION—STATE TENURE COMMISSION—EXHAUSTION OF ADMINISTRATIVE REMEDY.

A court of chancery does not have jurisdiction to enjoin the State tenure commission from holding a hearing on teacher's demand for hearing on school board's failure to renew her contract for tenth year of service, the third year after she had become 60 years of age, because of board's announced policy of retirement of teachers, but alleged by her to have been contrary to provisions of the tenure act, where the statutory administrative remedy provided by that act had not been exhausted (CL 1948, § 38.71 *et seq.*).

2. SAME—IRREPARABLE INJURY.

Equity should not be used to obtain injunctive relief, where there is no proof that complainant would suffer irreparable injury.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—JURISDICTION OF STATE TENURE COMMISSION.

Whether or not the State tenure commission has jurisdiction or authority to act or pass upon a retirement policy and program of a board of education is not determined on appeal in a board's suit to enjoin the commission from holding a hearing in which such question had been raised (CL 1948, § 38.71 *et seq.*).

4. COSTS—PUBLIC QUESTION—INJUNCTION—HEARING BY STATE TENURE COMMISSION.

No costs are allowed in suit to enjoin State tenure commission from holding a hearing on teacher's demand for hearing on

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 28 Am Jur, Injunctions § 46.
[2] 28 Am Jur, Injunctions §§ 47, 48.
[4] 14 Am Jur, Costs § 91.

school board's failure to renew her contract, a public question being involved (CL 1948, § 38.71 *et seq.*).

Appeal from Oakland; Adams (Clark J.), J. Submitted June 8, 1962. (Docket No. 32, Calendar No. 49,471.) Decided October 1, 1962.

Bill by School District of the City of Royal Oak against Michigan State Tenure Commission and its members to enjoin it from taking jurisdiction of retirement of teacher, the teacher claiming she was, in effect, illegally discharged. Bill dismissed. Plaintiff appeals. Affirmed.

*James G. Hartrick (Robert L. Templin,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, and *Eugene Krasicky,* Solicitor General, for defendants.

*Amicus Curiae:*

*Cyril E. Bailey,* for Michigan Federation of Teachers.

KELLY, J. Esther Palmer, not a party to this suit, was employed by plaintiff school board as a teacher for the school years 1950–1951 through 1958–1959, the last 2 years (since Mrs. Palmer reached age 60) being on an annual contract basis. Plaintiff board did not renew her contract for the ensuing year, and instead sent her a letter stating that her contract would not be renewed. Mrs. Palmer retained counsel and demanded a hearing under the teachers' tenure act (CL 1948, § 38.71 *et seq.* [Stat Ann 1959 Rev § 15.1971 *et seq.*]). Plaintiff board advised her counsel that Mrs. Palmer was not being discharged, but

retired. Thereafter, however, plaintiff received an amended petition for hearing and notice of hearing that the cause would be heard by defendant commission.

Plaintiff board filed its bill of complaint in the Oakland county circuit court seeking to restrain defendant commission from holding any hearings on the matter or assuming any jurisdiction relating thereto. Plaintiff, in its bill of complaint, stated that the provisions of the teachers' tenure act had applied to it since June, 1943, and that in 1944 the board adopted its policy for retirement, which policy states:

"At the age when teachers may retire under the State retirement act, all such teachers shall cease to be on continuing contract, and contracts shall be deemed renewed from year to year until such teachers, on 60 days' notice to the board of education, elect to retire; or until the board, by a majority vote of the whole membership at least 60 days before the end of the school year, refuses such renewal of the contract."

Plaintiff further stated that in view of its policy for retirement, the jurisdiction of the Michigan State tenure commission did not apply, nor did the provisions of said act.

Injunction issued, and defendant commission filed answer claiming plaintiff's retirement policy is violative of the teachers' tenure act; that the matters raised in the bill of complaint are within the jurisdiction of the commission and it should be given an opportunity to pass thereon; also, that plaintiff had an adequate remedy at law after it had exhausted its administrative remedies.

The matter came on for hearing before Hon. Clark J. Adams, circuit judge of Oakland county, who held

that "the tenure commission has the authority and responsibility to determine its jurisdiction over controversies between school boards and their teacher employees."

Appellant presents only 1 question, namely:

"Does the Michigan State tenure commission have any jurisdiction or authority to act or pass upon a retirement policy and program of a board of education?"

Appellee counters, stating the question involved is: Does a court of chancery have jurisdiction to enjoin the Michigan State tenure commission from holding a hearing where the controlling board has not exhausted its administrative remedies and has an adequate remedy at law?

The trial court correctly determined that a court of chancery did not have jurisdiction to enjoin the State tenure commission from holding a hearing; that it was the responsibility of the commission to determine "whether or not her [Mrs. Palmer's] discharge was an act of the board under a reasonable retirement policy (in which event the commission would have no jurisdiction) or on the contrary, was the discharge of Mrs. Palmer in violation of the provisions of the tenure act."

The court also said:

"There was then, by statute, a remedy available to Mrs. Palmer and to the board. For some unexplained reason the plaintiff board desires to avoid this statutory procedure. Obviously it had not exhausted its administrative remedies when it sought relief from this chancery court. Such attempted avoidance of statutory remedy is not permitted. * * *

"Because the plaintiff school district has an adequate legal remedy and has failed to exhaust the ad-

ministrative remedy provided by law, its prayer for equitable relief is denied."

We will not indulge in the presumption that the discretionary power conferred upon the commission will be arbitrarily exercised. See *Prawdzik* v. *City of Grand Rapids,* 313 Mich 376 (165 ALR 1165).

Appellant, in its bill of complaint, alleged that it would suffer hardship if the State tenure commission took jurisdiction over the appeal of Mrs. Palmer, but no proof was offered to support that allegation. Equity should not be used to obtain injunctive relief where there is no proof that complainant would suffer irreparable injury. See *Michigan Salt Works* v. *Baird,* 173 Mich 655; *City of Owosso* v. *Union Telephone Co.,* 185 Mich 349.

In affirming the chancellor's denial of plaintiff's request for equitable relief, we are not directly nor indirectly passing upon the question presented by appellant, namely: "Does the Michigan State tenure commission have any jurisdiction or authority to act or pass upon a retirement policy and program of a board of education?"

Affirmed. No costs, a public question being involved.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.