STATE RACING COMMISSIONER *v.* WAYNE
CIRCUIT JUDGE.

1. APPEAL AND ERROR—MOTION FOR SUMMARY JUDGMENT—LEAVE
   TO APPEAL—SUPERINTENDING CONTROL.
   
   The denial of a motion for summary judgment is reviewable by
   application for leave to appeal, hence, where application
   hitherto made for order of superintending control had resulted
   in an improvidently issued order to show cause, such order
   to show cause will be treated as a grant of leave to appeal
   (GCR 1963, 711.4[2], 853, 865.1[7]).

2. JUDGMENT—MOTION FOR SUMMARY JUDGMENT.
   
   Denial of State racing commissioner's motion for summary
   judgment in action against him to review his denial of appli-
   cations for thoroughbred race meeting licenses *held,* error,
   where at time denial of motions was made, record shows party
   which sought judicial review of the commissioner's action had
   abandoned its efforts for such review and the commissioner
   long since theretofore had acted upon the applications for
   the racing season (CLS 1961, § 431.39).

3. OFFICERS—PRESUMPTION AS TO PERFORMANCE OF DUTY.
   
   It is presumed that a public officer will perform his duties
   properly.

4. CONSTITUTIONAL LAW—SEPARATION OF POWERS—COURTS—SUPER-
   VISION OF PUBLIC OFFICERS.
   
   A court may not, with propriety, supervise a public official's
   contemplated performance of his duties, absent peculiar cir-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 104.
[2] 41 Am Jur, Pleadings § 340 *et seq.*
[3] 2 Am Jur 2d, Administrative Law § 748.
[4] 16 Am Jur 2d, Constitutional Law § 219 *et seq.*
[5] 2 Am Jur 2d, Administrative Law § 571 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 1009.

(31)

cumstances, since to do so would violate the principles of the separation of governmental powers (Const 1963, art 2, § 3).

5. COURTS—JURISDICTION—REVIEW OF ADMINISTRATIVE AGENCY.
    Retention of jurisdiction by circuit judge over State racing commissioner as to future grant of racing meet licenses *held,* improper, since it is presumed that a public officer will perform his duties properly, and no cause of action meriting review of his action with respect to future licenses has yet arisen (CLS 1961, § 431.39).

6. COSTS—PUBLIC QUESTION—REVIEW OF ACTION OF STATE RACING COMMISSIONER.
    No costs are allowed on review of State racing commissioner's order denying licenses to hold thoroughbred horse race and retaining jurisdiction over future action, a public question being involved (CLS 1961, § 431.39).

Original petition by Berry N. Beaman, State racing commissioner, against James Montante, Wayne county circuit judge, for order of superintending control. Action treated as appeal from order denying summary judgment for racing commissioner, defendant in an action by Northville Racing Association, Inc., plaintiff seeking spring and fall thoroughbred racing days. Submitted June 22, 1965. (Calendar No. 23, Docket No. 51,123.) Action of lower court reversed January 5, 1966, and cause remanded for entry of summary judgment for State racing commissioner.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke* and *Franklin J. Rauner,* Assistant Attorneys General, for plaintiff State racing commissioner.

*Marvin W. Reider,* for defendants circuit judge and Northville Racing Association, Inc.

SOURIS, J. This is an original proceeding upon the complaint of the State racing commissioner for an

order of superintending control in the nature of prohibition and mandamus to vacate an order of defendant circuit judge denying the commissioner's motion for summary judgment in a cause pending in the Wayne circuit court and to direct entry of a summary judgment therein in the commissioner's favor. Upon filing of the complaint in this Court, we issued our order to show cause against the defendant judge. The Northville Racing Association, Inc., also a defendant here, is the plaintiff in the proceeding in the circuit court. It now is our conclusion that our show cause order was granted improvidently, denial of a motion for summary judgment properly being reviewable by application for leave to appeal. See GCR 1963, 806.2 (372 Mich xvii), which was effective at the time the order sought to be reviewed was entered. See currently applicable GCR 1963, 853 (373 Mich lxxxi).

Instead of issuing our order to show cause, we should have considered the complaint filed herein as an application for leave to appeal, as provided in GCR 1963, 711.4(2).[1] In the exercise of the discretionary authority possessed by this Court, GCR 1963, 865.1(7),[2] we shall consider that order to show cause as an order granting leave to appeal and proceed to decision herein as on appeal on granted leave.

The racing association's circuit court complaint was filed on November 27, 1963, promptly after the

---

[1] "(2) In cases in which an application for leave to appeal to the Supreme Court or Court of Appeals is permitted, that method of superintending control shall be used. In the event that superintending control is sought and leave to appeal is available, the application for superintending control shall be considered as an application for leave to appeal." (See 373 Mich cvii, cviii.—REPORTER.)

[2] ".1 Relief Obtainable. The Supreme Court may, at any time, in addition to its general powers, in its discretion and on such terms as it deems just: * * *

"(7) Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief as the case may require". (See 373 Mich xcvii, xcviii.—REPORTER.)

racing commissioner had denied its request for a license to conduct thoroughbred horse races during the spring and fall of 1964. The complaint alleged, among other things, that unless the commissioner was restrained from allocating racing dates to other applicants for the 1964 season, the issues sought to be raised would become moot. This allegation apparently was the basis for the circuit judge's subsequent finding, in September of 1964 on the commissioner's motion for summary judgment, that the issues raised in the complaint had become moot. Notwithstanding his finding of mootness, however, the circuit judge denied the commissioner's motion for summary judgment and reserved jurisdiction to review the commissioner's impending action upon the association's application for a license and racing dates for 1965, which application the association had filed several days earlier. It is our judgment that the circuit judge erred in denying the commissioner's motion for summary judgment and in reserving jurisdiction of the cause to review administrative action not yet taken nor even yet due.

Section 9 of the racing law of 1959[3] requires the commissioner to grant or deny applications for thoroughbred race meeting licenses and to allocate or deny racing dates to license applicants before December 1st preceding the year for which applications are made. Long before the filing of the commissioner's motion for summary judgment in August of 1964, the commissioner had acted upon applications filed for the 1964 season.[4] Contrary to the association's allegation and the circuit judge's finding, however, the issues sought to be raised in the association's suit

[3] PA 1959, No 27, § 9 (CLS 1961, § 431.39, Stat Ann 1963 Cum Supp § 18.966[9]).

[4] As a matter of fact, it is alleged in the association's amended answer to the commissioner's complaint in this Court that the commissioner had performed his statutory duties even before the association started its suit in the circuit.

in the circuit court were not moot merely because race meeting licenses already had been granted and dates allocated.

Judicial review of the commissioner's denial of a race meeting license is provided for by section 9 of the racing law. No reason is suggested to us, nor can we perceive any, why the mere grant of licenses to some applicants at the same time others are denied should insulate the commissioner's action from such judicial review. With due regard for the time required for an applicant to launch a successful racing meet after licensure and allocation of racing dates, had the circuit court been requested to expedite hearing and decision on the merits of the association's complaint promptly after its filing, we do not doubt that a decision could have been reached in sufficient time to permit the association, if successful in litigation, to operate in 1964. The circuit court calendar entries, attached as an exhibit to the commissioner's complaint in this Court, disclose that the only action taken in the circuit court between commencement of suit in November, 1963, to the filing of the commissioner's motion for summary judgment in August, 1964, was the dismissal of the restraining order issued *ex parte* upon filing of the complaint.

Nonetheless, from the limited record of what transpired in the circuit court made available to us in this proceeding, it is our conclusion that the circuit judge should have granted the commissioner's motion for summary judgment. We cannot read the transcript of proceedings held on September 1, 1964, at which time the circuit judge announced his decision and his reasons therefor, without any comment whatever from counsel for the association, to mean other than that the association had abandoned its attempt to have reviewed the commissioner's determination of its 1964 application in the mis-

taken belief, encouraged by the judge's retention of jurisdiction, that it could review the commissioner's prospective action on its 1965 application in that same circuit court proceeding.

No authority is cited to us to support the trial judge's retention of jurisdiction over the parties for the purpose of adjudicating a cause of action which had not yet arisen and we can conceive of no persuasive argument in support thereof. It is presumed that the racing commissioner, a public officer, will perform his duties properly, *Leach* v. *Racing Commissioner* (1954), 340 Mich 202, and a court may not with propriety, without violating our principles of the separation of governmental powers, article 3, § 2, Constitution of 1963, supervise a public official's contemplated performance of his duties, absent peculiar circumstances, as for example, when an injunctive order is issued to restrain a public official from performing unlawful or unauthorized acts. See *Hunt* v. *State Highway Commissioner* (1957), 350 Mich 309; *Michigan Salt Works* v. *Baird* (1913), 173 Mich 655.

Remanded for entry of summary judgment in favor of the commissioner. No costs, a public question being involved.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.