SECRETARY OF STATE v INGHAM CIRCUIT JUDGE

OPINION OF THE COURT

1. LICENSES—AUTOMOBILE DEALERS.

   An automobile dealer cannot carry on his business without a license from the Secretary of State (MCLA 257.248).

2. LICENSES—AUTOMOBILE DEALERS—REVOCATION OR SUSPENSION.

   The Secretary of State may suspend or revoke an automobile dealer's license to carry on his business on specified statutory grounds (MCLA 257.249).

3. LICENSES—AUTOMOBILE DEALERS—INVESTIGATION BY SECRETARY OF STATE.

   The Secretary of State has the statutory duty to investigate written complaints filed with his office concerning an automobile dealer licensee, set a date for hearing, give the licensee notice, cause a record to be made of the hearing proceedings, and to enter a final order together with his findings (MCLA 257.250).

4. ADMINISTRATIVE LAW—LICENSES—AUTOMOBILE DEALERS—JURISDICTION.

   The jurisdiction of the circuit court in matters concerning the licensing of automobile dealers is limited to appeals from hearing held by the Secretary of State, and the circuit court, acting as a court of chancery, has no jurisdiction to enjoin a hearing held by the Secretary of State to investigate complaints filed against an automobile dealer licensee (MCLA 257.250[b]).

5. ADMINISTRATIVE LAW—LICENSES—AUTOMOBILE DEALERS. ·

   The circuit court violated the constitutional doctrine of separation of governmental powers when it enjoined the Secretary of State from conducting a hearing to investigate complaints filed

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5, 7] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 129, 132.
  Regulation or licensing of business of selling motor vehicles, 126 ALR 740 supp in 57 ALR2d 1265.
[3] 1 Am Jur 2d, Administrative Law §§ 85–91.
[4–7] 2 Am Jur 2d, Administrative Law §§ 553–594, 709.

against an automobile 'dealer licensee where no peculiar circumstances existed to justify the injunction and the Secretary of State was not performing unlawful or unauthorized acts but rather was attempting to execute his statutory duties (Const 1963, art 3, § 2).

CONCURRENCE BY TARGONSKI, J.

6. ADMINISTRATIVE LAW—REMEDIES—EXHAUSTION—JUDICIAL REVIEW.
   *A court may review a preliminary agency action if review of the agency's final decision would not provide an adequate remedy or where there is a showing that the agency will not give a fair and impartial hearing.*

7. ADMINISTRATIVE LAW—AUTOMOBILE DEALERS—LICENSES.
   *An automobile dealer was not entitled to a temporary order enjoining the Secretary of State from holding a hearing to determine whether the dealer's license should be revoked where the dealer did not show that it would not get a fair and impartial hearing or that its franchise would actually be cancelled if the license were revoked.*

Original action in the Court of Appeals. Submitted Division 2 April 7, 1972, at Lansing. (Docket No. 13313.) Decided July 3, 1972. Leave to appeal denied, 388 Mich 783.

Complaint by the State of Michigan and the Secretary of State against an Ingham County Circuit Judge and Jack Dykstra Ford, Inc., seeking a writ of superintending control directing the circuit judge to dissolve a temporary restraining order prohibiting the Secretary of State from conducting a hearing to determine whether Dykstra's dealer's license should be suspended or revoked. Complaint treated as an application for leave to appeal from *Jack Dykstra Ford, Inc v Secretary of State* in Ingham County Circuit Court. Leave to appeal granted. The temporary restraining order is reversed and dissolved.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edwin M. Bla-*

*den, Thomas J. Biachino,* and *Booker T. Gaulden,*
Assistants Attorney General, for the plaintiff.

*Anderson, Carr & Street,* for defendant Jack
Dykstra Ford, Inc.

Before: QUINN, P. J., and V. J. BRENNAN and
TARGONSKI,* JJ.

QUINN, P. J. Plaintiffs filed a complaint in this
Court seeking a writ of superintending control
directed to the circuit judge. A panel of this Court
treated the complaint as an application for leave
to appeal and granted leave, shortened the time
for filing briefs and directed this cause to be
submitted at the April 1972 term. (See order of
February 22, 1972.) The cause has been submitted
as directed.

October 28, 1971, the Secretary of State com-
menced proceedings under MCLA 257.250; MSA
9.1950 to determine whether the dealer's license of
Jack Dykstra Ford, Inc., should be suspended or
revoked. December 8, 1971, Dykstra, Inc., filed its
complaint in Ingham Circuit Court seeking a dec-
laration of rights and injunctive relief against the
present plaintiffs. On the filing of this complaint,
the circuit judge issued a temporary restraining
order and an order to show cause restraining the
administrative proceedings.

December 9, 1971, the Secretary of State moved
to dissolve the temporary restraining order be-
cause of lack of jurisdiction and violation of the
separation of powers doctrine, among other
grounds. The only disposition of this motion in the
trial court record is the following sentence in a
three sentence opinion of the trial court: "The

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

motion to dismiss the temporary restraining order should be denied". Under GCR 1963, 820.1(7), we grant the motion to dissolve the temporary restraining order and dismiss Dykstra, Inc's., complaint because the trial court lacked jurisdiction thereof and because the action of the trial court violated the separation of powers doctrine.

Dykstra, Inc., cannot carry on its business without a license from the Secretary of State, MCLA 257.248; MSA 9.1948. The Secretary of State may suspend or revoke a license on specified statutory grounds, MCLA 257.249; MSA 9.1949. The Secretary of State has the statutory duty to investigate complaints in writing filed with his office, set a date for hearing and give the licensee notice, cause a record to be made of the hearing proceedings and to enter a final order together with his findings, MCLA 257.250; MSA 9.1950. A court of chancery has no jurisdiction to enjoin a hearing that it was the responsibility of the Secretary of State to hold, *School District of the City of Royal Oak v State Tenure Commission,* 367 Mich 689 (1962). The jurisdiction of the circuit court is limited to the statutory appeal provision of MCLA 257.250(b); MSA 9.1950(b).

*State Racing Commissioner v Wayne Circuit Judge,* 377 Mich 31, 36 (1966) states:

"It is presumed that the racing commissioner, a public officer, will perform his duties properly [citation omitted], and a court may not with propriety, without violating our principles of separation of governmental powers, Const 1963, art 3, § 2, supervise a public official's contemplated performance of his duties, absent peculiar circumstances, as for example, when an injunctive order is issued to restrain a public official from performing unlawful or unauthorized acts."

Dykstra, Inc's., complaint sets forth no peculiar

circumstances and the Secretary of State is not performing unlawful or unauthorized acts. He is attempting to do what the statute requires him to do.

Reversed, temporary restraining order dissolved, and complaint dismissed with costs to plaintiffs.

V. J. BRENNAN, J., concurred.

TARGONSKI, J. *(concurring)*. For purposes of this opinion I adopt the statement of facts as set forth in the majority opinion. The solution to the issues raised on appeal involves principles of administrative law rather than the constitutional principles of separation of powers. However, since my reasoning leads to the same conclusion, I respectfully concur in the decision of my colleagues.

The defendant corporation, as plaintiff in the principal case, is seeking an injunction against the plaintiff from holding a hearing to determine whether or not the defendant's automobile dealer's license should be revoked.

The law is clear that in most cases a party must exhaust his administrative remedies before he may seek judicial review of the agency's action. MCLA 24.301; MSA 3.560(201) provides:

"When a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order in a contested case, whether such decision or order is affirmative or negative in form, the decision or order is subject to direct review by the courts as provided by law. * * * A preliminary, procedural or intermediate agency action or ruling is not immediately reviewable, except that the court may grant leave for review of such action if review of the agency's final decision or order would not provide an adequate remedy."

In this case, the defendant corporation was attempting to do what the statute expressly forbids. It was asking a circuit court to review the procedural action of an agency before there has ever been a hearing.

Under the statute, the only situation in which a court may review a preliminary agency action is if review of the agency's final decision would not provide an adequate remedy. At the same time, MCLA 24.264; MSA 3.560(164) provides that immediate judicial review may be obtained when "the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff [defendant corporation here]".

In *Sterling Secret Service, Inc v Department of State Police,* 20 Mich App 502, 509 (1969), this Court, quoting from *Diggs v State Board of Embalmers & Funeral Directors,* 321 Mich 508, 514 (1948), reaffirmed the following rule:

"This Court has repeatedly held that in cases where an irreparable injury will result from the acts of public officials in attempting to proceed under an invalid law, the jurisdiction of equity may be invoked for the purpose of obtaining injunctive relief and a determination as to the constitutionality of the statute that is involved."

Therefore, in certain instances judicial review is *proper* prior to a final agency decision. However, this is not such a case. There is no showing that the defendant corporation will not get a fair and impartial hearing. Furthermore, the Administrative Procedure Act of 1969[1] allows the defendant corporation to seek judicial review of the final agency action.

---

[1] MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.*

MCLA 24.306(1); MSA 3.560(206) provides that:

"Except when a statute or the constitution provides
for a different scope of review, the court shall hold
unlawful and set aside a decision or order of an agency
if substantial rights of the petitioner have been preju-
diced because the decision or order is any of the follow-
ing: * * *

"(c) made upon unlawful procedure resulting in mate-
rial prejudice to a party. * * *

"(e) Arbitrary, capricious or clearly an abuse or un-
warranted exercise of discretion."

The defendant corporation, in its principal case,
urges these grounds to have the hearing enjoined.
However, there has been no showing and cannot
be a showing until the agency has held its hearing
that any of the foregoing would happen. The Legis-
lature has seen fit to empower the agency to hold
hearings to determine whether the license should
be revoked and the courts should not usurp this
function.

The defendant auto dealership also argues that
it will be irreparably injured since its dealer's
franchise may be cancelled if the agency, after a
hearing, decides to revoke his license. In the first
place, there has been no positive showing that his
franchise will actually be cancelled. Furthermore,
MCLA 24.304; MSA 3.560(204) provides that "The
filing of the petition does not stay enforcement of
the agency action but the agency may grant, or
the court may order, a stay upon appropriate
terms".

If the agency's final decision here is adverse to
the defendant corporation it may have the agency
action stayed if it can prove irreparable injury.

As far as the record shows, the Secretary of
State is complying with the statutory provisions of

MCLA 257.250; MSA´9.1950 which lays down the procedure to be followed in revoking a dealer's license, and there is no need to disturb it at this time.