LOCAL 229, MICHIGAN COUNCIL 25, AMERICAN FEDERATION
OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO v
CITY OF DETROIT

Docket No. 62910. Submitted November 17, 1982, at Detroit.—Decided
April 18, 1983. Leave to appeal denied, 417 Mich 1045.

Petitioners, Local 229, Michigan Council 25, American Federation
of State, County and Municipal Employees, AFL-CIO, and
others, filed an unfair labor practice proceeding with the Michi-
gan Employment Relations Commission (MERC) against respon-
dents, City of Detroit, and others. Petitioners thereafter peti-
tioned in the Wayne Circuit Court seeking injunctive relief
pending the MERC determination. The circuit court, James E.
Mies, J., denied the petition for a preliminary injunction be-
cause petitioners had not demonstrated the probability of irrep-
arable harm occurring in the absence of a preliminary injunc-
tion. Petitioners appeal. *Held:*

1. The "just and proper" language of MCL 423.216(h) does
not grant circuit courts discretion to issue injunctions in MERC
cases without the necessity of finding irreparable harm. The
section does not abolish long-standing equitable restraints on
the use of injunctive powers.

2. A preliminary injunction should not be granted where
irreparable injury is not imminent. Here, the circuit court
acted properly in denying petitioners injunctive relief since
petitioners concede that no irreparable harm will result if a
preliminary injunction is not issued.

Affirmed.

1. LABOR RELATIONS — INJUNCTIONS — PARTIES.

The statute regarding unfair labor practices, remedies and proce-
dure, grants standing to both the Michigan Employment Rela-
tions Commission and the charging party in an action before
the commission to petition in circuit court for such injunctive

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 2091.
[2] 42 Am Jur 2d, Injunctions § 8.
[3] 42 Am Jur 2d, Injunctions § 15.
[4] 42 Am Jur 2d, Injunctions § 48.

relief as the circuit court deems just and proper (MCL 423.216[h]; MSA 17.455[16][h]).

2. Injunctions — Labor Relations — Equity.

The statute regarding unfair labor practices, remedies and procedure, does not abolish long-standing equitable restraints on the use of injunctive powers; the words "just and proper" in the statute do not accord circuit courts discretion to invoke equitable powers without restraint by equitable principles but rather encompass the traditional equitable principles which justify injunctive relief that have long been a part of Michigan common law (MCL 423.216[h]; MSA 17.455[16][h]).

3. Injunctions — Preliminary Injunctions — Irreparable Injury.

A preliminary injunction should not be granted where irreparable injury is not imminent.

4. Equity — Injunctions — Irreparable Injury.

A trial court's exercise of its equitable powers has long been left to the sound discretion of the court, however, such discretion has continually been restrained by equitable principles which require a showing of irreparable injury before an injunction may properly issue.

*Maurer, Kalls & Webb* (by *L. Rodger Webb),* for petitioners.

*Sylvester Delaney,* Acting Corporation Counsel, and *William Dietrich, Frank W. Jackson, III,* and *James C. Zeman,* Assistants Corporation Counsel, for respondents.

Before: Wahls, P.J., and M. J. Kelly and N. J. Lambros,* JJ.

M. J. Kelly, J. In connection with an unfair labor practice proceeding filed with the Michigan Employment Relations Commission ("MERC") by appellants against appellees, appellants petitioned in Wayne County Circuit Court seeking injunctive relief pending the MERC determination. The cir-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cuit court denied appellant's petition for a prelimi-
nary injunction because appellants had not demon-
strated the probability of irreparable harm occur-
ring in the absence of a preliminary injunction.
Appellants appear before this Court as of right.

Appellants' petition for injunctive relief was
filed pursuant to MCL 423.216(h); MSA
17.455(16)(h),[1] which grants standing to both the
MERC and the charging party in an action before
the MERC to petition in circuit court for such
injunctive relief as the circuit court "deems just
and proper". Appellants concede on appeal that no
irreparable harm would result if a preliminary
injunction were not issued but argue that the "just
and proper" language of MCL 423.216(h); MSA
17.455(16)(h) grants circuit courts discretion to
issue injunctions in MERC cases without the ne-
cessity of finding irreparable harm.

We do not agree. MCL 423.216(h); MSA
17.455(16)(h) is designed to confer jurisdiction on
the MERC and the charging party to proceed to
circuit court in order to obtain vital relief when
appropriate.[2] The section does not abolish long-

[1] This subsection provides:

"The commission or any charging party shall have power, upon
issuance of a complaint as provided in subdivision (a) charging that
any person has engaged in or is engaging in an unfair labor practice,
to petition any circuit court within any circuit where the unfair labor
practice in question is alleged to have occurred or where such person
resides or exercises or may exercise its governmental authority, for
appropriate temporary relief or restraining order, in accordance with
the general court rules, and the court shall have jurisdiction to grant
to the commission or any charging party such temporary relief or
restraining order as it deems just and proper."

[2] In *Van Buren Public School Dist v Wayne Circuit Judge,* 61 Mich
App 6, 15-16; 232 NW2d 278 (1975), this Court noted that without the
enactment of MCL 423.216(h); MSA 17.455(16)(h), the MERC would be
unable to obtain a preliminary injunction as it would have no author-
ity to request equitable relief. Thus, the Court stated that the section
"must be read only as a grant of authority to MERC to request
judicial assistance". Since at the time of the *Van Buren* decision,
MCL 423.216(h); MSA 17.455(16)(h) did not confer standing on the

standing equitable restraints on the use of injunctive powers. When proceeding under MCL 423.216(h); MSA 17.455(16)(h), a party is seeking to invoke the circuit court's equitable powers. The words "just and proper" in the statute do not accord circuit courts discretion to invoke equitable powers without restraint by equitable principles but rather encompass the traditional equitable principles which justify injunctive relief that have long been a part of Michigan common law.[3]

charging party in an action before the MERC to proceed to circuit court for injunctive relief, the *Van Buren* panel held that a charging party faced with irreparable injury had standing outside of the statute to invoke a circuit court's equity jurisdiction. Subsequent to the decision in *Van Buren,* the Legislature amended MCL 423.216(h); MSA 17.455(16)(h) to include the charging party within the jurisdictional provision which was formerly limited to only the MERC. We view this amendment as a codification of the *Van Buren* decision and an expression of legislative intent that the charging party should be able to invoke a circuit court's equitable jurisdiction when faced with an irreparable injury.

[3] In a manner similar to the provision in MCL 423.216(h); MSA 17.455(16)(h), the Federal Labor Management Relations Act, 1947, grants the power to the National Labor Relations Board to pursue injunctive relief:

"The Board shall have power, upon issuance of a complaint as provided in subsection (b) of this section charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper." 29 USC 160(j).

We recognize that language in certain federal cases dealing with this section infers that the section grants to federal district courts the discretion to issue preliminary injunctions without being limited by traditional equitable restraints. See *Boire v Pilot Freight Carriers, Inc,* 515 F2d 1185, 1192-1193 (CA 5, 1975), *cert den* 426 US 934; 96 S Ct 2646; 49 L Ed 2d 385 (1976) ("though traditional rules of equity may not control the proper scope of [29 USC 160(j)] relief, some measure of equitable principles come into play"); *Levine v C & W Mining Co, Inc,* 610 F2d 432, 435 (CA 6, 1979) (temporary injunctive relief "is a matter committed to judicial discretion"). In Michigan, a trial court's exercise of its equitable powers has long been left to the sound discretion of the court. See *Michigan Salt Works v Baird,* 173 Mich 655, 661; 139 NW 1030 (1913). This discretion, however, has

A preliminary injunction should not be granted where irreparable injury is not imminent. See *Royal Oak School Dist v State Tenure Comm,* 367 Mich 689, 693; 117 NW2d 181 (1962). As appellants concede that no irreparable harm•will result if a preliminary injunction is not issued, the circuit court acted properly in denying appellants injunctive relief.

Affirmed.

---

continually been restrained by equitable principles which require a showing of irreparable injury before an injunction may properly issue. See *Michigan Salt Works, supra,* p 662; *Owosso v Union Telephone Co,* 185 Mich 349; 151 NW 1029 (1915); *Royal Oak School Dist v State Tenure Comm,* 367 Mich 689, 693; 117 NW2d 181 (1962). While certain federal courts may state that only "some measure of equitable principles come into play" under 29 USC 160(j) when the National Labor Relations Board seeks injunctive relief, we decline to abolish any equitable restraints on Michigan courts to issue injunctions when their jurisdiction is invoked under MCL 423.216(h); MSA 17.455(16)(h). Traditional equity principles are a circuit court's guide to whether injunctive relief is "just and proper".